Rev. 7/06
CO Hab Corp
AO 241 amd.

**FILED**

Page I

MAR - 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jeffrey Lynn Dial
_____
NAME (Under which you were convicted)

17417-075
_____
PRISON NUMBER

F.C.I. Oakdale
_____
PLACE OF CONFINEMENT/ADDRESS
P.O. Box 5000
_____
Oakdale, LA 71463
_____

_____

JEFFREY LYNN DIAL
_____        )
(Full Name)                 Petitioner

v.

ALBERTO GONZALES, ESQ.,  and
HARLEY G. LAPPIN, DIR.,  (FBOP)

_____
(Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner)        )
                              Respondent        )

CASE NUMBER 1:07CV00427

JUDGE: James Robertson

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 03/02/2007

## PETITION FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.  This petition must be legibly handwritten or typed, and signed by the petitioner.  Any false statement of material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.

3.  Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

4.  Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee.  Your check or money order should be made payable to: Clerk, U.S. District Court.

5.    If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

6.    Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

7.    When you have completed the form, send the original and one copy to:
       Clerk, United States District Court for the District of Columbia
       Room 1225
       333 Constitution Avenue, NW
       Washington, DC 20001

9.    <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1.    (a)    Name and location of court which imposed the sentence (or detention) of conviction you are challenging:
             <u>U.S. District Court Middle District of Tennessee</u>
             <u>(Nashville)</u>

2.    (a)    Date of the sentence (or detention):  <u>**March 27, 2006**</u>

3.    Length of sentence:  <u>97 months (count 6), 60 months (count 10)</u>
       <u>Consecutive terms for a total of 157 months</u>

4.    Nature of offense involved (all counts):  <u>Title 21 U.S.C. §846 and</u>
                                                 <u>Title 18 U.S.C. §924(c)</u>

5.    (a)    What was your plea? (Check one):
             ☐    Not guilty
             ☒    Guilty
             ☐    Nolo Contendere (no contest)
             ☐    Insanity

(b)   If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____

_____

_____

_____

_____

_____

6.   Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?

        ☒    Yes

        ☐    No

7.   If your answer to Question 10 was "Yes," give the following information:

   (a)   (1)   Name of Court: **Sixth Circuit Court of Appeals**

         (2)   Nature of the proceedings: **Appeal of sentence**

                  _____

                  _____

         (3)   Grounds raised: **plea bargain was for 120 months and the sentence was 157 months**

                  _____

                  _____

         (4)   Did you receive an evidentiary hearing on your petition, application or motion?

                  ☐   Yes

                  ☒   No

         (5)   Result: **Appeal is pending**

         (6)   Date of result: _____

   (b)   As to any second petition, application, or motion, give the same information:

         (1)   Name of Court: _____

         (2)   Nature of the proceedings: _____

                  _____

                  _____

         (3)   Grounds raised: _____

                  _____

                  _____

                  _____

         (4)   Did you receive an evidentiary hearing on your petition, application or motion?

                  ☐   Yes

                  ☐   No

         (5)   Result: _____

      (6)    Date of result: _____

(c)    As to any third petition, application, or motion, give the same information:
    (1)    Name of Court: _____
    (2)    Nature of the proceedings: _____
          _____
          _____
          _____

    (3)    Grounds raised: _____
          _____
          _____
          _____
          _____

    (4)    Did you receive an evidentiary hearing on your petition, application or motion?
          ❑    Yes
          ❑    No
    (5)    Result: _____
    (6)    Date of result: _____

(d)    Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?
    (1)    First petition, etc."
          ❑    Yes
          ❑    No
    (2)    Second petition, etc.:
          ❑    Yes
          ❑    No

    (3)    Third petition, etc.:
          ❑    Yes
          ❑    No

(e)    If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: _____
          _____
          _____
          _____
          _____
          _____

8.    State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

A.    GROUND ONE:  **Ineffective Assistance of Counsel**

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your
claim:   **Counsel failed ab initio to raise or challenge**
**any of the issues presented herein**

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Lack of Federal Legislative Jurisdiction over the**

B.    GROUND TWO: **Locus in quo.**

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your
claim:   **See, Attached Memorandum of Law with Incorporated**
**Points and Authorities.**

_____

_____

_____

_____

_____

_____

_____

_____

**Lack of Federal Subject Matter Jurisdiction over the**

C.    GROUND THREE: **alleged prohibitive conduct - want of Commerce Nexus**

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your
claim:   **See, Attached Memorandum of Law with Incorporated**
**Points and Authorities.**

_____

_____

_____

_____

_____

_____

_____

_____

D.    GROUND FOUR: Mis-application of Federal Law, where such is unenacted, unpromulgated, and unimplemented

    (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: **See, Attached Memorandum of Law with Incorporated Points and Authorities.**

9.    If any of the grounds listed in 12A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: **N/A**

10.    Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?

        ☒    Yes
        ☐    No

    (a)    If so, give the name and location of the court and case number, if known: _____
        **Sixth Circuit Court of Appeals**

11.    Do you have any future sentence to serve after you complete the sentence (or detention) under attack?

        ☐    Yes
        ☒    No

    (a)    If so, give name and location of court which imposed sentence to be served in the future:

Page 7

(b)     And give date and length of sentence to be served in future: _____

(c)     Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

      ❐     Yes

      ❐     No

     Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Petitioner's Signature     **Jeffrey Lynn Dial/pro-se**

_____
Date     2-8-07

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

JEFFREY LYNN DIAL

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____**
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Alberto Gonzalez

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

CASE NUMBER 1:07CV00427

JUDGE: James Robertson

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 03/02/2007

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMB**

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☑ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CI**
**FOR PL**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

| ☒ G. *Habeas Corpus* 2255 | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ Multi district Litigation | ☐ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

**DATE** 3/2/07   **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Jeffrey Lynn Dial/17417-075
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF COLUMBIA

JEFFREY LYNN DIAL,       )    CASE No. <u>1:05-00008-01</u>
          )
        Petitioner,  )  RE: CASE No. _____
          )
vs.             )
          )
ALBERTO GONZALES, ESQ.,   )     **PETITION FOR**
ATTORNEY GENERAL FOR THE )     **COMMON LAW**
"UNITED STATES,"      )  **WRIT OF HABEAS CORPUS**
          )
and            )     **BY A PERSON IN**
          )    **FEDERAL CUSTODY**
HARLEY G. LAPPIN, DIR.,   )
FEDERAL BUREAU OF PRISONS, )  **TITLE 28 U.S.C. §2241**
          )
_____)
        Respondents.  )

### CONVICTION UNDER ATTACK

1. Name and location of the court which entered the judgment of conviction under attack:

   <u>**U.S. District Court Middle District of Tennessee (Nashville)**</u>

2. Date of judgment of conviction was entered: <u>**March 27, 2006**</u>

3. Case number: <u>**1:05-00008-01**</u>

4. Type and length of imposed sentence: <u>**97 months and 60 months consecutive for a total of 157 months**</u>.

5. Are you presently serving a sentence imposed for a conviction other than the conviction under attack? ____ Yes  <u>**X**</u> No

6. Nature of the offense involved: <u>**Title 21 U.S.C. §846 and Title 18 U.S.C. §924(c)**</u>

///// - 1 Petition for Common Law Writ of Habeas Corpus

8.  If you entered a plea of guilty to one count of indictment
    and a not guilty plea to another count of indictment give
    details:  **N/A**

9.  If you entered a plea of guilty pursuant to a plea bargain,
    state the terms and conditions of the agreement:

10. Kind of trial (check one): ___ Jury  ___ Judge Only  **N/A**

11. Did you testify at trial? ___ Yes  **X** No

### DIRECT APPEAL

12. Did you appeal from the judgment of conviction? **X** Yes  ___ No

13. If you did appeal, give the name and location of the court's
    decision (or attach a copy of the court's opinion or order):
    **Sixth Circuit Court of Appeals**

14. If you did not appeal, explain briefly why you did not appeal:
    **N/A**

### POST - CONVICTION RELIEF

15. Other than a direct appeal from the judgment of conviction
    and sentence, have you previously filed any petitions,
    applications, or motions with respect to this judgment in
    any federal court? ___ Yes  **X** No

16. If your answer to 15 was "Yes," give the following information:
    **N/A**

///// - 2 Petition for Common Law Writ of Habeas Corpus

## CLAIMS

17.  State concisely every claim that you are being held unlawfully
for.  Summarize briefly the facts supporting each claim.  If
necessary, you may attach extra pages stating additional claims
and supporting facts.  You should raise in the application all
claims for relief which relate to the conviction under attack.
In order to proceed in federal court, you ordinarily must
exhaust the administrative remedies available to you as to each
claim on which you request action by the federal court.

CLAIM ONE:

Ineffective Assistance of Counsel

1)  Supporting Facts: (Without citing legal authorities
or argument state briefly the facts in support of this
claim):

Counsel failed ab initio to raise or challenge any of
the issues presented herein.

2)  Did you seek administrative relief as to claim one?
____ . Yes  **X** No

If your answer is "Yes," describe the procedure
followed and the result.  If your answer is "No",
explain why you did not seek administrative relief:

We have administrative grievance to redress the
challenges raised herein.  Bureau of Prisons (BOP)
is Compelled to abide by judgment order of the court.

CLAIM TWO:

Lack of Federal Legislative Jurisdiction over the
Locus in quo.

1)  Supporting Facts: (Without citing legal authorities
or arguments state briefly the facts in support of
this claim):

See, Attached Memorandum of Law with Incorporated
Points and Authorities.

///// - 3 PETITION FOR COMMON LAW WRIT OF HABEAS CORPUS

2)  Did you seek administrative relief as to claim two?
    ___ Yes   **X** No

If your answer is "Yes," describe the procedure
followed and the result.    If your answer is "No,"
explain why you did not seek administrative relief:

**We have administrative grievance to redress the**
**challenge raised herein.  Bureau of Prisons (BOP)**
**is compelled to abide by judgment order of the court.** .

**CLAIM THREE:**

**Lack of Federal Subject Matter jurisdiction over the**
**alleged prohibitive conduct – want of Commerce Nexus.**

1)  Supporting Facts: (Without citing legal authorities
    or argument state briefly the facts in support of
    this claim):

    **See, Attached Memorandum of Law with Inorporated**
    **Points and Authorities.**

2)  Did you seek administrative relief as to claim three?
    ___ Yer   **X** No

If your answer is "Yes," describe the procedure
followed and the result.  If your answer is "No,"
explain why you did not seek administrative relief.

**We have administrative grievance to redress the**
**challenges raised herein.  Bureau of Prisons (BOP)**
**is compelled to abide by judgment order of the court.**

**CLAIM FOUR:**

**Mis-application of Federal Law, where such is unenacted**
**unpromulgated and unimplemented.**

1)  Supporting Facts: (Without citing legal authorities
    or argument state the facts in support of this claim)

    **See, Attached Memorandum of Law with Incorporated**
    **Points and Authorities.**

2)  Did you seek adminstrative relief as to claim four?
    ___ Yes   **X** No

///// - 4  PETITION FOR COMMON LAW WRIT OF HABEAS CORPUS

If your answer is "Yes," describe the procedure
followed and the result. If your answer is "No,"
explain why you did not seek administrative relief.
**We have administrative grievance to redress the**
**challenges raised herein. Bureau of Prisons (BOP)**
**is compelled to abide by judgment order of the court.**

18. Do you have any petition, application, motion, or appeal now
pending in any court either state or federal, regarding the
conviction under attack?  **X** Yes _____ No

   If 'Yes," state the name of the court, case file
   number (if known), and the nature of the proceedings:
   **Sixth Circuit Court of Appeals**

19. State briefly why you believe that the remedy provided by
28 U.S.C. §2255 (Motion to Vacate Sentence) is inadequate
or ineffective to test the legality of your detention:
   **Because the Legislative Territorial Court wherein**
   **the issues now complained of arose, lacks the**
   **Constitutional authority to entertain and to**
   **adjudicate the issues herein, thus a §2255 Motion**
   **is inadequate and inappropriate.**

**WHEREFORE**, applicant, Jeffrey Lynn Dial, prays that the court
GRANT him such relief to which he may be entitled in this pro-
ceeding.

Date: _2-8-07_____, 2007              Respectfully Submitted by,

                                      _Jeffrey L Dial_
                                      Jeffrey Lynn Dial/pro-se

Jeffrey Lynn Dial/17417-075
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

JEFFREY LYNN DIAL,                    )    CASE No. <u>1:05-00008-01</u>
                                      )
            Petitioner,               )    RE: CASE No. _____
                                      )
vs.                                   )
                                      )
ALBERTO GONZALES, ESQ.,               )        APPLICATION FOR
ATTORNEY GENERAL FOR THE,             )    WRIT OF HABEAS CORPUS
"UNITED STATES,"                      )
                                      )    BROUGHT IN THE NATURE OF
and                                   )      COMMON LAW WRIT OF
                                      )         HABEAS CORPUS
HARLEY G. LAPPIN, DIR.,               )
FEDERAL BUREAU OF PRISONS,            )    <u>TITLE 28 U.S.C. §2241</u>
                                      )
            Respondents.              )
_____)

BEFORE THIS HONORABLE COURT:

    COMES NOW, Jeffrey Lynn Dial, in want of counsel, Petitioner,

in the above styled action, (hereinafter "Petitioner"), and as

for a VERIFIED PETITIONER FOR WRIT OF HABEAS CORPUS, shows this

Honorable Court as follows:

                              1.

    That the relief sought herein is provided under the Law of

Habeas Corpus, in the Common Law, the Constitution and Statutes

of the United States of America, and the Federal Civil Court

Rules and Procedure. (SEE, attached Memorandum of Law with

Incorporated Points and Authorities).

///// - 1 Application for Common Law Writ of Habeas Corpus

2.

That beginning on April 20, 2005, Petitioner herein, has been and is presently imprisoned and restrained of his liberty, in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal Laws made in conformance therewith.

3.

That Jeffrey Lynn Dial, Petitioner herein, is incarcerated in the Federal Correctional Institution, **Oakdale, Louisiana,** in violation of the Constitutional Rights of the Petitioner herein, as set forth, without restriction, in Articles V, VI, VIII, and XIV in Amendment of the Constitution of the United States of America, as amended AD 1791.

4.

That the said incarceration of Jeffrey Lynn Dial, Petitioner herein, was ordered by **United States District Judge Robert L. Echols, of the Middle District of Tennessee, in Case Number 1:05-00008-01,** a copy of the Order of Charging Instrument/Indictment and Order of Judgment in such case is attached herewith as **Exhibit (a),** to establish that the respondents named above, in the caption area, are the proper custodians over the Petitioner, and thereby the appropriate parties to the instant case.

5.

That this court has personal jurisdiction over the respondent named in the caption area above in the nature of 28 U.S.C. §88; 49 Stat. 1921, June 25, 1936, and the 80th Congress, House Report No. 308, it is shown that the District Court of the United States

///// - 2 Application for Common Law Writ of Habeas Corpus

for the District of Columbia, is a Constitutional Court, rather than a Legislative-Territorial Court, and therefore is duly empowered under the Constitution of the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this court's Original Jurisdiction.

6.

That defense counsel rendered ineffective assistance where counsel failed ab initio to raise or challenge any of the issues raised herein.

7.

That the government in want of **Legislative Territorial** or **Admiralty Jurisdiction** over the locus in quo.

8.

That the government moved in want of **Federal Subject Matter Jurisdiction** by failing to charge or prove that the alleged prohibitive act transcended the borders of the sovereign state in violation of the **Federal Interstate Commerce Clause.**

9.

That there is no amendment to the Federal Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of the **Federal Statutory Provisions** under which the Petitioner is charged.

10.

That the **Federal Statutory Provisions** under which the Petitioner is charged are unenacted by Congress, have not been promulgated in

///// - 3 Application for Common Law Writ of Habeas Corpus

the **Federal Register** or possessed implementing authorities in the **Code of Federal Regulations,** thus do not apply over private citizens.

11.

That to construe or to convert the instant non-statutory **Common Law Writ of Habeas Corpus** into a statutory pleading will be taken as a denial of the pleading as submitted; thus the sustainment of the unlawful incarceration of Feffrey Lynn Dial, causing injury and in the nature of 42 U.S.C. §1983, §1985, and §1986.

12.

That the court is presumed to possess superior knowledge of **Law,** thus the court would be deemed to know from the facts and the law presented and the proceeding before the **Court of Record** that Jeffrey Lynn Dial is in violation of his <u>Constitutional Rights</u> where the court is compelled to provde a remedy-in-law for relief from such unlawful custody.

**WHEREFORE,** in the nature of §2241, and §2243, of Title 28 of the United States Code (June 25, 1948, c.646, 62 Stat. 965), Jeffrey Lynn Dial requests the court to prepare and issue an Order, directing the respondents to Show Cause, within 3 days, from the date of service, why the instant **Common Law Writ,** should not be GRANTED, where all issues presented, are only questions of Law. The respondents will not be under burden to produce records, evidence, witnesses, or prepare for a hearing, and no additional time would be required.

///// - 4 Application for Common Law Writ of Habeas Corpus

In the nature of the principles pronounced in 1 Stat. 122, May 26, 1970, Sec. 2, March 27, 1804, Stat. 298, Sec. 2, Jeffrey Lynn Dial executes the foregoing.

Date: __2-8__ ,2007

Respectfully Submitted by,

Jeffrey Lynn Dial/pro-se

///// - 5 Application for Common Law Writ of Habeas Corpus

Jeffrey Lynn Dial/17417-075
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY LYNN DIAL, | ) | CASE No. <u>1:05-00008-01</u> |
| Petitioner, | ) | RE: CASE No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| ALBERTO GONZALES, ESQ., | ) | **MEMORANDUM OF LAW** |
| ATTORNEY GENERAL FOR THE | ) | **WITH INCORPORATED** |
| "UNITED STATES," | ) | **POINTS AND AUTHORITIES** |
| | ) | |
| and | ) | **IN SUPPORT OF COMMON** |
| | ) | **LAW WRIT OF HABEAS CORPUS** |
| HARLEY G. LAPPIN, DIR., | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | <u>TITLE 28 U.S.C. §2241</u> |
| | ) | |
| Respondents. | ) | |

**BEFORE THIS HONORABLE COURT:**

**COMES NOW,** Jeffrel Lynn Dial, in want of counsel, accused in the above referenced cause, and as for the Petitioner for the Common Law Writ of Habeas Corpus, shows this Honorable Court as follows:

1.

That relief sought herein, is provided for under the Common Law, the Constitution of the United States of America, as amended AD 1791, Article I §9 CI 2, and in the nature of Title 28 §2241, of the United States Code.

2.

That this Honorable Court has personal jurisdiction over the respondents named in the caption area, supra, in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241, where both respondents have their principle place of business within the District of Columbia.

3.

That in the nature of **Adams v. United States**, DK. No. 97-2263 (2nd Cir. 1998), the court is compelled to entertain the instant pleading as submitted and to not attempt to construe or concert the pleading into any other statutory provision. See, **United States v. Morgan**, 346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with Incorporated Points and Authorities:

(a)  The jurisdiction of Federal Courts is defined in the Constitution at Article III for judicial courts, in Article I for legislative courts, and in Article IV for territorial courts.  Some courts created by Acts of Congress have been referred to as "Constitutional Courts", whereas others are regarded as "Legislative Tribunals" **28 U.S.C. §88 District of Columbia - Courts**, Act of June 7, 1934, 48 Stat. 926, and Act June 25, 1936, 49 Stat. 1921, provide that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States for the District of Columbia, are shown to be Constitutional Courts created under Article III of the Constitution.  See, **O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Edd1356, 53 S.Ct. 74, **Mookiniv. United States**,

303 U.S. 201 at 205 (1938), 82 L.Ed.748, 58 S.Ct. 543.  **The Federal Trade Commission vs. Klesner**, 274 U.S. 145 (1927) and **Claiborne-Annapolis Ferry Co. vs. United States**, 285 U.S. 382 (1932).

(b)  That, defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c)  That the Petitioner is in custody for an act not done or committed in pursuance of an Act of Congress or an order, process, judgment, or decree of a court or judge of the United States.  And he is in custody in violation of the Constitution and the laws or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

(d)  That the federal statutory provisions under which the Petitioner is charged, have not been promulgated in either the Federal Register or the Code of Federal Regulations, thus the legitimate application of such statutory provisions are restricted to application over federal government only.

(e)  That the government has failed ab initio to establish federal subject matter jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce Statute, as a prerequisite to the subsequent charged offense.

5.

That, the Petitioner now shows this Honorable Court that the Federal Government lacked legislative, territorial, or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed well within the borders of the sovereign state.

## INEFFECTIVE ASSISTANCE OF COUNSEL

That, defense counsel failed ab initio to raise or challenge the governments lack of **Federal Legislative, Territorial or Admiralty Jurisdiction** over the locus in quo. The Petitioner argues that there is no presumption in favor of jurisdiction, where the basis for jurisdiction must be affirmatively shown on the face of the record. See, **Hartford v. Davies**, 16 S.Ct. 1051 (1896). The exclusive legislative jurisdiction of the federal government is not addressed in principle to subject matter, but to geographical location. See, **United States v. Beavens**, 16 U.S. (3 Wheat) 336((1818). It is axiomatic that the prosecution must always prove (legislative, territorial or admiralty) jurisdiction over the geographical location whereon the alleged prohibitive acts were purported to have been committed, otherwise a conviction could not be sustained. See, **United States v. Benson**, 495 F.2d 481 (1946). Federal criminal jurisdiction is never presumed, and must always be proven, and can never be waived. See, **United States v. Rogers**, 23 F. 658 (DC Ark. 1885). In a criminal prosecution where the federal government is a moving party it must not only establish ownership of the property upon which the crimes allegedly occurred but they must also produce documentation that the state has ceded the jurisdiction to that property to them (view of the Supreme Court) in **Fort Leavenworth Railroad v. Iowa**, 114 U.S. 525 (1885). No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been published and filed on behalf of the United States as provided and filed in 40 U.S.C. §255, and the fact that the state authorized the federal government to take and exercise jurisdiction was immaterial. See, **Adams v. United States**, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed

///// - 4 Memorandum of Law with Incorporated Points and Authorities - N

1421 (1943).

7.

The distinction that jurisdiction is more than a technical concept and is a Constitutional requirement.  See, **United States v. Johnson**, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed 681 Cert. den. 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed 2d 117. In the United States, there are two separate and distinct kinds of jurisdiction:  The jurisdiction of the states within their own territorial boundries, and then Federal jurisdiction.  Broadly speaking, the state jurisdiction encompasses the legislative power to regulate control and govern real and personal property, individuals, and enterprises within the territorial boundries of any given state. In contrast, Federal jurisdiction is extremely limited:  In July of 1776, after declaring their independence, the New States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits.  This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwithstanding the adoption of the Articles of Confederation.  In Article II, it is expressly stated:

> "Each state retains its sovereignty freedom
> and independence, and every power, of juris-
> diction and right which is not by this Confed-
> eration, expressly delegated to the United
> States, In Congress assemble."

8.

As the history of the Confederation Government has shown each state was indeed sovereign and independent to the degree that it

made the Central Government created by the confederation fairly
ineffectual.  These defects of the Confederation Government strained
the relation between and among the states and the remedy became
calling a Constitutional Convention,  The representatives which
assembled at Philadelphia in May of 1787 to attend the Constitution-
al Convention met for the primary purpose of improving the commer-
cial relations among the states, although the product of the con-
vention produced more than this.  But no intention was demonstrated
for the states to surrender in any degree, the jurisdiction so
possessed by the states at that time, and indeed the Constitution
as finally drafted continued the same territorial jurisdiction of
the <u>Articles of Confederation</u>.  The essence of this retention of
each state's jurisdiction is embodied in the Constitution at <u>Article
I Section 8 Clause 17 of the Constitution of the United States of
America</u>, which reads as follows:

> "To exercise exclusive legislation in all cases what-
> soever over such districts (not exceeding Ten Miles
> Square) as may be cession of particular states, and
> acceptance of Congress becomes the seat of the govern-
> ment of the United States, and to exercise like authority
> over all places purchased by the consent of the Legis-
> lature of the states in which the same shall be for the
> erection of Forts, Magazines, Arsenals, Dock-Yards and
> other needful buildings."

9.

The reason for the inclusion of this clause in the Constitution
was and is obvious.  Under the <u>Articles of Confederation</u>, the states
retain full and complete jurisdiction over lands and persons within

their borders. Since the time of the ratification and implement-
ation of the present Constitution of the United States, the United
States Supreme Court and all lower courts have had many opportunit-
ies to construe and apply these provisions of the Constitution.
The essence of all these decisions is that the states of this Nation
have exclusive jurisdiction of property and persons located within
their borders, excluding such land and persons residing thereon
which have been ceded to the United States. Perhaps one of the
earliest decisions on this point was in the **United States v. Beavens**,
**16 U.S. Wheat 336 (1818).** This case involved a federal prosecution
for murder committed onboard the warship, Independence, anchored
in the harbor of Boston, Massachusettes. The defense argued that
only the state had jurisdiction to prosecute and argued that the
federal circuit courts had no jurisdiction of this crime supposedly
committed within the Federal Admiralty jurisdiction. In the argu--
ment before the Supreme Court, counsel for the United States admitted
as follows:

> " The exclusive jurisdiction which the United States have
> in forts, dock-yards ceded to them is derived from express
> assent of the states by whom the cessions are made. It could
> be derived in no other manner; because without it, the authority
> of the states would be supreme and exclusive therein."
> **3 Wheat at 350, 351**

10.

In holding that the state of Massachusetts had no jurisdiction
over the crime the court held:

> ":What then is the extent of jurisdiction which a state possess-
> es?" " We answer, without hesitation the jurisdiction of a
> state is co-extensive with it's territory, co-extensive with
> it's legislative power." **3 Wheat at 386, 387**

" It is observable that the power of exclusive legislation
(which is jurisdiction) is united with cession of territory,
which is to be the free act of the states.  It is difficult to
compare the two sections together, without feeling a conviction
not to be strengthened by any commentary on them, that in de-
scribing the judicial power, the framers of our constitution
had not in view any cession of territory or, which is essent-
ially the same of general jurisdiction."  3 Wheat at 388

11.

Thus in **Beavens**, the court established a principle that Federal
jurisdiction extends only over the areas wherein it possesses the
power of exclusive legislation, and this is a principle incorporated
into all subsequent decisions regarding the extent of Federal juris-
diction.  To hold otherwise would destroy the purpose, intent and
meanings of the entire Constitution of th United States.  One year
later the Supreme Court of New York was presented with the same
issue, of whether the state of New York had juridiction over a mur-
der committed at Fort Niagara, a Federal fort.  In People v. Godfrey,
17 Johns 225 N.Y. (1819), that court held that the fort was subject
to the jurisdiction of the state since the lands therefore had not
been ceded to the United States, the rationale of it's opinion
stated:

" To oust this state of its jurisdiction to support and main-
tain its laws and to punish crimes, it must be shown that an
offense committed within the acknowledged limits of the state,
is clearly and exclusively cognizable by the laws and courts
of the United States.  In the case already cited Chief Justice
Marshall observed that to bring the offense within the juris-
diction of the courts of the union, it must have been committed
out of the jurisdiction of any state."  It is not (he says)
the offense committed but the place in which it is committed,
which must be out of the jurisdiction of the state.
17 Johns, at 233 (emphasis added)

///// - 8 Memorandum of Law with Incorporated Points and Authorities - N

12.

The case relied upon by this court was the **United States v. Beavens, supra.** At about the same time that the New York Supreme Court render- ed it's opinion in **Godfrey**, a similar situation was before a Federal Court, the only difference being that murder was committed in and occ- urred on lands which had been ceded to the United States. In the **United States v. Cornell**, 2 Manson 60, 1 cir. (1819), the court held that the case fell within Federal jurisdiction, describing such juris- diction as follows:

> " But although the United States may well purchase and hold lands for
> public purpose within the territorial limits of a state, this does not
> of itself oust the jurisdiction or sovereignty of such state over lands
> purchases.  It remains until the state has relinquished its authority
> over the lands either expressly or by necessary implication.  When
> therefore a purchase of land for any of these purposes is made by the
> National Government and the state legislature has given its consent to
> the purchase, the lands so purchased by the very terms of the Constit-
> ution ipso facto falls within the exclusive legislation of Congress
> and the state jurisdiction is completely ousted." **2 Manson at 63**

13.

Almost 18 years later U.S. Supreme Court again was presented a case involving the distinction between state and federal jurisdiction. In **New Orleans v. United States**, 35 U.S. (10 pet) 662 (1836).  The United States claimed title to property in New Orleans likewise claim- ed by the city.  After holding that, title to the subject lands was owned by the city, the court addressed the question of federal juris- diction and states:

> " Special provisions is made in the Constitution for the cession of
> jurisdiction from the state over places where the Federal Government
> shall establish forts, or other military works.  And it is only in

these places or in the territories of the United States where it can
exercise a general jurisdiction." <u>10 Pet. at 737</u>

14.

In <u>New York v. Miln</u>, 36 U.S. (11 Pet.) 102 (1837), the question
before the court involved the attempt by the city of New York to asses
penalties against the master of a ship for failure to make a report .
as to the persons his ship brought to New York.  As against the master's
contention that the act was unconstitutional and that New York had no
jurisdiction in the matter, the court held :

> " If we look at the places of its operation, we find  it to be within
> the territory, and therefore, within yhe jurisdiction of New York.  If
> we look at the person on whom it operates he is found within the same
> territorial jurisdiction." <u>36 U.S. at 135</u>

> " They are these:  That a state has the same undeniable and unlimited
> jurisdiction over all persons and things within its territorial limits,
> as any foreign nation, where that jurisdiction is not surrendered or
> restrained by the Constitution of the United States.  That by virtue
> of this it is not only the right, but the burden and solemn duty of a
> state, to advance the safety, happiness and prosperity of its people
> and to provide for its general welfare by any and every act of legis-
> lation which it may deem to be conductive to these ends; where the
> power over the particular subject, or the manner just stated,  That
> all those powers which relate to merely municipal legislation, or what
> may perhaps more properly be called internal police are not thus
> surrendered or restrained and that consequently in relation to these
> the authority of a state is completely unqualified and exclusive."
> <u>36 U.S. at 139</u>

15.

Some eight years later, in <u>Pollar v. Hagan</u>, 44 U.S. (3 How.)
212 (1845), the question of Federal jurisdiction was once again before
the court.  This case involved a contest of the title of a real prop-
erty, with one of the parties claiming a right to the disputed property

///// - 10 Memorandum of Law with Incorporated Points and Authorities - N

via U.S. patent; the lands in question were situated in Mobile, Alabama adjacent to Mobile Bay, the court held:

> " We think a proper examination of this subject will show that the
> United States never held any Municipal sovereignty, jurisdiction or
> right of soil in and to territory of which Alabama or any of the new
> states were formed."  **44 U.S. at 221**

> " Because the United States have no Constitutional capacity to exercise
> Municipal Jurisdiction, Sovereignty or eminent domain within the limits
> of a state or elsewhere, except in case which it is expressly granted."
> **44 U.S. at 228, 229**§

> " Alabama is therefore entitled to the sovereignty and jurisdiction
> over all the territory within her limits, subject to the common law,"
> **44 U.S. at 228, 229**

16.

The single most important case regarding the subject of federal jurisdiction appears to be **Fort Leavenworth R. Co. v. Iowa**, 114 U.S. 525 (1885) 995, which set forth the law on this point of federal jurisdiction, fully.  There the railroad company's property, which passes through, Fort Leavenworth federal enclave was being subject to taxation by Kansas, and the company claimed an exemption from the state taxation. In holding that the company is properly taxed, the court carefully explained federal jurisdiction within the states:

> " The consent of the state to the purchase of lands within them for
> the special purpose named is however, essential, under the Constitution
> to the transfer of the jurisdiction and dominion.  Where lands are
> acquired without such consent, the possession of the United States,
> political jurisdiction be ceded to them in some other way is simply
> that of an ordinary proprietor.  The property in that case, unless used
> as a means to carry out the purposes of the government, is subject to
> the legislative authority and control of the states equally with the
> property of private individuals."  **114 U.S. at 531**

17.

The Constitution for the United States created a government, which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. But when laws do not come from a enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

18.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide fot the punishment of counterfeiting of coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on the high seas, raise and support an army and navy, and lay and collect taxes by appointment, and indirect taxes by exercise, duties or imports.

19.

This is about the extent of the legitimate jurisdiction of the Federal United States Government. It is only in these areas, **supra**, that a crime (or offense) against the Federal United States can exist, and this is so only when Congress actually passes a Law in one of these areas:

> But an act committed within a state for good or a bad purpose, or whether with honest or a criminal intent, cannot be made an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States of America.

///// - 12 Memorandum of Law with Incorporated Points and Authorities - N

20.

**United States v. Fox**, 95 U.S. 670, 672 (1877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever. The criminal jurisdiction of the Courts of the United States is wholly derived from the Statutes of the United States. **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890); **United States v. Flores**, 289 U.S. 137, 151 (1932). Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. **United States v. Bedford**, 27 Fed. Cas., p.91, 103, Case No. 15,867 (1847).

21.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution. There is no other source from which Congress can get authority to make law, including the Common Law. Thus it has been said that, "There is no Federal Common Law,"

22.

But the better way of stating this is to say, "There are no Common Law Offenses (or crimes) against the United States." **United States v. Britton**, 108 U.S. 199, 206 (1882); **United States v. Eaton**, 144 U.S. 677, 687 (1891); **United States v. Gradwell**, 243 U.S. 476, 485 (1916); **Donnelley v. United States**, 276 U.S. 505-511 (1927); **Jerome v. United States**, 318 U.S. 101, 104 (1942); **Norton v. United States**, 92 F.2d 753 (1937). In other words, the Common Law is not a source for criminal jurisdiction as it is in the States. **United States v. Grossman**, 1 Fed. Ed. 941, 950-51 (1924).

23.

By "jurisdiction" is meant the authority of the Federal Courts to hear and decide a matter. Thus it is even more correct to say that, "The Federal Courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (Federal Courts) can take jurisdiction." **State of Pennsylvania v. Wheeling E. Bridge Co.**, 13 How. (54 U.S.) 518, 563 (1851).

24.

If Congress tries to make a Common Law offense a crime (such as libel, drugs, theft, burglary, murder, kidnapping, arson, rape, abortion, assault, fraud, etc.), which have no relation to an enumerated power, it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus the only thing that can be a crime against the "United States" is that which comes from the U.S. Constitution. These concepts were stated early on by the U.S. Supreme Court:

> In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the Art. §8 ***, but there is no reference to a Common Law authority. Every power is [a] matter of definate and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of law. The United States v. Worrall, 2 Dall. (2 U.S.) 384, 391 (1798).

25.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so

changed, as perhaps to make a different rule in the case desirable.
A principal share of the benefit expected from written Constitution
would be lost if the rules they establish were so flexible as to bend
to circumstances or be modified by public opinion. [A] court or legis-
lature which should allow a change in public sentiment to influence
it in giving to written constitution and construction not warranted
by the intention of its founders, would be justly chargeable with
reckless disregard of Official Oath (28 U.S.C. §453-18 U.S.C. §1621)
and public duty; and if its course could become a precedent these
instruments would be of little avail. What court is to do, therefore,
is to declare the law as written. **T.M. Cooley, A Treatise on the
Constitutional Limitation**, 5th Ed., pp. 54, 55, rather than be swayed
by political ambition and the unlawful unsurpation of policepowers.
Chief Justice John Marshall stated:

> " We [judges] have no more right to decline the exercise of jurisdiction,
> which is given, than to usurp that which is not given. The one or the
> other would be treason to the Constitution."
> Cohens v. Virginia, 6 Wheat. (19 U.S.) 264, 404 (1821).

26.

The district court erred in not determining jurisdiction prior
to entertaining the cause...

### Standard of Review

The court's duty to resolve the jurisdiction of the court,
regardless of who brings the action, the court must make a legal find-
ing as to its authority to take venue and jurisdiction, before the
court moves to entertain the cause before it. See, 20 Am. Jur. 2d
§60, 377

§60    Power and Duty to Determine Jurisdiction

A Court has the power and duty to examine and determine

///// - 15 Memorandum of Law with Incorporated Points and Authorities - N

whether or not it has jurisdiction over the subject matter presented to it, and its determination being subject, of course, to appellate review. This question should be considered before it looks at other matters involved in the case, such as whether the parties are properly before the court. It may, and must do this on its own motion, without waiting for the question of its jurisdiction to be raised by any of the parties involved in the proceedings.

§62    Jurisdiction as dependent on application for relief

The general rule is that the court cannot adjudicate a controversy on its own motion; it can do so only when the controversy is presented to it by a party, and only if the case is presented to it in the form of a proper pleading. A court has no power either to investigate or to initiate proceedings. When a statute prescribes a mode of acquiring jurisdiction, that mode must be followed or the proceedings and resulting judgment will be void and the judgment subject to collateral attack.

§65    Effect of Lack of Jurisdiction

" THE GENERAL RULE IS THAT PROCEEDINGS CONDUCTED OR DECISIONS MADE--BY A COURT ARE LEGALLY VOID WHEN THERE IS AN ABSENCE OF JURISDICTION OVER THE SUBJECT MATTER.

A COURT DEVOID OF JURISDICTION OVER THE CASE CANNOT MAKE A DECISION IN FAVOR OF EITHER PARTY, CANNOT DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM AND CANNOT RENDER A SUMMARY JUDGMENT, AS A DECISION WOULD BE ON THE MERITS OF THE ACTION. IT CAN ONLY DISMISS THE CASE FOR WANT OF JURISDICTION. HOWEVER, A COURT CAN SET ASIDE ORDERS IT MADE BEFORE THE WANT OF JURISDICTION WAS DISCOVERED, AND A JUDGMENT BY A COURT WITHOUT JURISDICTION OVER SUBJECT MATTER CAN BE SET SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED IT."

(In Part)

27.

The Petitioner asserts that the district court lost its juris-
diction, once it failed to determine jurisdiction to hear this case
at bar <u>before proceeding with sentencing and/or trial</u>.

28.

The question of challenging the court, and the United States
jurisdiction, was never waived by this Petitioner, it is well settled
in the law that when jurisdiction of the court and of the United
States is challenged, thus " **Onus Probandi is the actor.**" Onus
Probandi burden of providing the burden of proof, "The strict mean-
ing of the Onus Probandi," is that, if no evidence is adduced by
the party on whom the burden is cast, the issue must be found against
him, <u>Davis v. Rogers</u>, 1 Houst (del.) 44. "Where jurisdiction is
challenged it must be proved," Hagen v. Lavine, 415 U.S. 528 (1974).
Because it is not sufficient that jurisdiction of the United States
Courts may be inferred argumentatively from averments in the plead-
ings it follows that the necessary factual predicate may not be
gleaned from the briefs and arguments themselves; this principal
of federal jurisdiction applies whether that the case is at the
trial stage or at the appellate stage.

29.

The Petitioner asserts that the court and government has not
been granted jurisdiction through the Constitution of the United
States of America, to adjudicate matters beyond the legislative
jurisdiction of the United States. The courts and the government
have failed to offer proof, or make findings and conclusions of law,
as to the jurisdiction in the above alleged criminal action.

///// - 17 Memorandum of Law with Incorporated Points and Authorities -

"A court cannot proceed at all in any case without jurisdiction but must announce the fact and dismiss the cause." See, **Ex Parte McCardle**, 7 Wall 506, 19 L.Ed. 264. Before considering each of the standings theories, it is appropriate to restate certain basic principals that limit the power of every Federal Court. Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto. **e.g. Marbury v. Madison**, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every Federal Appellate Court has a special obligation to "satisfy itself not only of its jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it. **Mitchell v. Maurer**, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934). See, **Judice v. Vail**, 430 U.S. 327, 3331, 332 51 L.Ed. 2d. 376, 97 S.Ct. 1211 (1977)(standing), "and if the record discloses that the lower courts was without jurisdiction (such as in this case) this court will notice the defect, although the parties make no contention concerning it." See, **Bender v. Williams Port Areas School District**, 475 U.S. 534, L.Ed. 2d 501, 106 S.Ct. 1326. When the lower Federal Courts lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit. See, **United States v. Corrick**, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D.Vy. 829 (1936). See also e.g., **United States v. Mata**, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981), **City of Kenosha v. Bruno**, 412 U.S. 507, 511 37 L.Ed. 2d, 109, 93 S.Ct. 122 (1973),

<u>Clark v. Paul Gray Inc.</u>, 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939), <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1936). This obligation to notice defects in a court of appeals, subject matter jurisdiction, assume a special importance, when a constitutional question is presented.  In such cases we have held strictly to the standing requirements to ensure that our deliberations will have benefit of adversary presentation and full development of the relevant facts.  The court must be mindfull that the powers of the legislature are defined and limited and that those limits may not be mistaken or forgotten, the Constitution of the United States of America has been written indeed this is the very essence of the judicial duty.  See, <u>Marbury v. Madison</u>, 5 U.S. 137, 176-178, 1 Cranch 137 (1803).d  See also, <u>Bell v. Maryland</u>, 378 U.S. 266, 224 (1964)(Douglas J. COncurring).

" A district court are courts of limited jurisdiction, which has only powers conferred on it by this Title under 28 U.S.C.A. Article III, and cannot assume jurisdiction."  See, <u>Stanard v. Olesen</u>, 74 S.Ct. 768 (1954) also, <u>McNutt v. G.M.</u>, 56 S.Ct. 789, L.Ed. 1135., and <u>Thomson v. Gaskiel</u>, 62 S.Ct. 573, 83 L.Ed. 111.  It is clear that federal jurisdiction does not rest in federal,statutes that do not invest exclusive jurisdiction.  Neither statute governing courts authority nor the statute governing the charged crime invest exclusive authority of the subject matter to justify the abrupt (police power) removal of this Petitioner from the State jurisdiction, by the Federal Government.  The Supreme Court in <u>Housenbaum v. Bauer</u>, 120 U.S. 450 (1887), searching the language of the statute to see if jurisdiction is conferred by a statute stated:

" Here we are bound by statute and not by Syayes alone, but by an act of Congress, which obliges us to follow the State statute and State practice. The Federal courts are bound hand and foot, and are compelled and obliged by the federal legislature to obey the State law."

30.

The Petitioner contends that such rules prevail where it appears from the record that the court was without jurisdiction, of either person or the subject matter. For the record, where it appears from the _record_ that the court did not have jurisdiction of the person or the subject matter, there is not conclusive presumption to preclude an injury into the fact and to prevent a declaration of the invalidity of the judgment. A record, which affirmatively shows want of jurisdiction, is of its self, <u>conclusive as that fact.</u>

31.

Moreover, a district court judge may and must check for the courts jurisdiction to proceed, in the pleading proceeding. He must do this on his own motion without waiting for the question of lawful jurisdiction to be raised by any of the parties involved in the proceedings. He is charged to know that the court proceedings conducted absent jurisdiction over the subject matter are legally void and subject to collateral attack. See, <u>46 American Jurisprudence 2d. Judgment §26</u>. As a district court judge charged with knowledge that jurisdiction is the authority to hear and determine a specific case within a class over which the court has subject matter jurisdiction. Also awareness that his court is subject to <u>Territorial limitation and cannot extend</u> the jurisdiction authority which comes pursuant to an act of Congress and under which behalf the court

functions. Knowing that the jurisdiction of his court is limited, and can be further limited by constitutional or statutory provisions to only part of the territory of the sovereignty to which the court belongs. See, <u>American Jurisprudence 2d. Courts §115.</u>

32.

THe district court of Petitioner's conviction is one limited and special original jurisdiction, its action must be confined to the particular cases, controversies, and parties over which the con- stitution and the laws have authorized it to act; any proceedings without the limits prescribed is Coran Non Judice and its actions a nullity. See, <u>State of Rhode Island et. al. v. Commonwealth of Mass.</u>, 37 U.S. 657 (1938). The statute designating the Federal Government charges, that if a crime does not authorize concurrent jurisdiction doctrine authorize concurrent jurisdiction. See, <u>Adams v. United States</u>, 87 L.Ed.1421. The jurisdiction to determine jurisdiction doctrine authorizes courts to issue ancillary orders while deter- mining their own jurisdiction, and to punish as criminal contempt, the violations of such orders, even though it may later be deter- mined that the court lacks jurisdiction over the proceedings. When a court assumes but later discovers that it has no subject matter jurisdiction, the court must take the appropriate action, although it acted in accordance with its previous belief that it had juris- diction. See, <u>American Jurisprudence 2d. Courts §60 page 377.</u> Jurisdiction to render a judgment in a particular case or against particular persons may not be presumed where the record itself shows jurisdiction has not been acquired. See, <u>Old Wayne Mut. Life Asso. v. McDonough</u>, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236. Hence a fact

connected with jurisdiction to render a judgment may not be in the face of statements to the contrary in the record.

### FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS

33.

**Defense counsel was ineffective by failing to raise or challenge the governments lack of Federal Subject Matter Jurisdiction over the alleged prohibitive acts charged against the Petitioner.**

That, **defense counsel failed ab initio** to raise or challenge that the Federal Statutory Provisions under which the Petitioner is charged failed to contain language of an Interstate Commerce Nexus. The enumerated subsection under which the Petitioner is unlawfully incarcerated and detained of his liberty, possess no language which could be construed as importing, interposing or incorporating a Commerce Nexus. Thus, the language of the statute does not grant Federal Subject Matter Jurisdiction, nor grant formal notice to the accused party that the alleged violations of **Title 18 USC §924(c), & Title 21 USC §846,** also invokes an uncharged violation of the Federal Interstate Commerce Statute, even though no prohibitive acts moved beyond the borders of the sovereign state or across state line or international borders. The Federal Government does not have a general police power, thereby the legitimate application of **18: §924(c), & 21: §846, of the U.S.C.** may only be applied if connected to an alleged violation of the Interstate Commerce Statute.

35.

**Stirone v. United States**, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed. 2d. 252 (1960) at 857.  The Supreme Court stated that, "The essential element was the allegation of an Interstate Commerce which provided the court with (subject matter) jurisdiction" over the alleged prohibitive acts.  Where the instant matter is concerned, the government has failed ab initio to establish that the prohibitive conduct of the Petitioner, moved beyond the border of the sovereign state, thus in the clear absence of a commerce charge, the government failed to establish Federal Subject Matter Jurisdiction over the alleged offense.

36.

Under our Federal system, the "States possess primary authority for defining and enforcing the criminal law."  See, **Brecht v. Abrahamson**, 507 U.S. 123 L.Ed. 2d 353, 113 S.Ct. 1710 (1993), quoting: **Engle v. Isaac**, 456 U.S. 107, 71 L.Ed. 2d 783, 102 S.Ct. 1031, 162 ALR 1330 (1945) (plurality opinion) "our National Government is one of delegated powers alone.  Under our Federal system the administration of criminal justice rests with the state except as Congress, acting within the scope both delegate powers has created offenses against the United States."  When Congress criminalizes conduct already denounced as criminal by the State it affects a change in the sensitive relation between Federal and State criminal jurisdiction.  **United States v. Unmans**, 410 U.S. 396 441-442, 35 L.Ed. 2d 379, 93 S.Ct. 1007 (1973). quoting, **United States v. Bass**, 404 U.S. 336, 349 30 L.Ed. 2d 488, 92 S.Ct. 515 (1971).  It's obvious the government would have to acknowledge that **Title 18 U.S.C. §924(c), and Title 21 U.S.C. Section 846,** displaces State

///// - 23 Memorandum of Law with Incorporated Points and Authorities - N

policy in that its prohibitions is being used in every state.
**Titles 18 USC §924(c), & 21 USC §846,** are now being used outside
their scope of intended use by inappropriately over-riding State
Law.  By imposing higher penalties and establishing mandatory
penalities for the same offenses that the state already charges.
The policies reflected in these provisions could legitimately be
adopted by the states but they should not be imposed upon the states
by Congress.  By the government's use of these statutes outside
their intended use we have a system that can punish the same act by
different individuals with different and more selective punishment.
Thus, the abuse mentioned, defendant in the case also charges the
government was selective by going outside its jurisdiction which
was clearly spelled out by the 99th Congress 2d Session, of the
Federal Statutory Provisions under which the Petitioner is alleged
to have violated the act in question to determine, whether it app-
lies solely within the jurisdiction of the United States.  Analysis
of the operative sections of the act, particularly the sections
at issue herein, clearly reveals that there is nothing, which
indicates that the act applies anywhere but within the United
States Territories and Enclaves.  There is simply no statutory lang-
uage expressly stating that the act applies "extra jurisdictionally."
Further, the Federal Statutory Provisions which are an issue
**Title 18 U.S.C. Section 924(c), and Title 21 U.S.C. Section 846,**
totally fail to mention or refer to "Interstate Commerce" or other-
wise connect the provisions of this act to a Congressional Inter-
state Commerce Powers.

That is particularly apparent from a review of **Title 18 U.S.C. Section 924(c), and Title 21 U.S.C. Section 846,** mention nothing in reference to Interstate Commerce.

37.

The Petitioner asserts prosecutorial misconduct and plain error, **52(b) F.R.C.P.,** in that the application was not within the scope of **Rule 7(c)(1), F.R.C.P.** to the indictment in which was an amendment to cure the jurisdiction requirement; the indictment failed to explicitly, allege a (nexus) to commerce. See, **United States v. Knowles,** 29 F.3d 947, 952 (5th Cir. 1994).

38.

The Petitioner stands firm on his assertion that he was highly prejudiced by the prosecutor, not qualifying the jurisdiction nexus in the statute, to the Grand Jury. The Second and Third Circuit is on record as expressing the view that "when the word or phrase is used in the Sect. of the "Act" more than once, and the meaning is clear as used in one place." **Meyer v. United States,** 175 F.2d 45, 47 (2nd Cir. 1949), quoting, **Lewellyn v. Nunez,** 573 F.2d 769 (2nd Cir. 1978), and, **C.I.R. v. Ridgeway's Estates,** 291 F.2d 257 (3rd Cir. 1961). It is elementary principle of criminal pleadings, that where the definition of an offense, whether it be common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the specifics it must descent to a particulars, **United States v. Crikshank,** 92 U.S. 542, 558, 23 L.Ed. 588, 593. An indictment not framed to appraise the defendant with

reasonable certainty, of the nature of the accusation against him, and it's jurisdiction to sustain those accusations is defective, although it may follow the language of the statute. See, **United States v. Simmons**, 96 U.S. 360, 362, 24 L.Ed. 819, 820. In an indictment upon statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. See, **United States v. Carll**, 105 U.S. 611, 612, 26 L.Ed. 1135, certainly the jurisdictional nexus, constitutes one of the elements. Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the fact and circumstance as well inform the accused of the specific offense, coming under general description with which he is charged, (an indictment that fails to state its jurisdiction nexus in the pleadings or statute, certainly would not be informing the accused of the above provisions). For similar views see, **United States v. Hess**, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543; **Blitz v. United States**, 153 U.S. 308, 315, 38 L.Ed. 725, 727, 14 S.Ct. 924; **Keck v. United States**, 172 U.S. 434, 437, 43 L.Ed. 505, 507, 19 S.Ct. 254; **Morissette v. United States**, 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf. **U.S. v. Petrillio**, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538. That these basic principles of fundamental fairness retain their full vitality under modern concepts of pleading and specifically under Rule 7(c) of the F.R.C.P. In this case at bar, a mere citation (such as the government used in this case) to the applicable statute does not give the defendant just and proper notice of the nature

of the offense. An indictment that must rely on a statutory citation does not fully, directly, and expressly, without any uncertainty or ambiguity set forth all the elements (such as jurisdiction) necessary to constitute the offense intended to be punished (or to sustain the charges). See, **Hamling v. United States**, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed. 2d 590 (1974). Furthermore, a statutory citation does not ensure that the Grand Jury has considered and found all essential elements such as (jurisdiction) of the offense charged. It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime unless of indictment of a Grand Jury. See, **United States v. Pupo**, 841 F.2d 1235 (4th Cir. 1988) quoting, **United States v. Hooker**, supra. at 841 F.2d 1225 (4th Cir. 1988). As stated in **Hooker**, when an indictment fails to include an essential element of the offense charged, it thereby fails to charge any federal offense and conviction under the indictment may not stand. A Grand Jury in order to make the ultimate determination, must necessarily determine, what gives the government jurisdiction to sustain, or bring these charges. To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the Grand Jury at the time they returned the indictment would deprive the defendant of a basic protection which guarantee of intervention of a Grand Jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by a Grand Jury or perhaps, not even presented to the Grand Jury which indicted him such as this case now, before this court, the jurisdiction nexus needed and required certainly was never presented to the defendant's Grand Jury. For similar views

see, **Orfield Criminal Procedure from Arrest to Appeal 243**. This underlying principal is reflected by the settled rule in the federal courts that an indictment may not be amended by resubmission to the Grand Jury unless the charge is merely a matter of form, **Ex Parte Bain**, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781; **United States v. Norris**, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424; **Stirone v. United States**, 361 U.S. 212, 4 L.Ed. 2d, 80 S.Ct. 270. If it lies within the province of a court to amend an indictment to suit its own notion of what ought to have been, when such allegation of a commerce nexus is not submitted to the Grand Jury, neither the government or court has the authority to amend an indictment to incorporate the crucial missing element. The great importance which the common law attaches to an indictment by a Grand Jury, as a prerequisite to a prisoner's trial for a crime and without which the Constitution says no person shall be held to answer, may be frittered away until its value is almost destroyed. Any other doctrine would place the rights of the citizens which were intended to be protected by this Constitutional provision, at the mercy or control of the court or prosecuting attorney; for if it be once held that the charges can be made by the consent or the order of the court in the body of the indictment as presented by the Grand Jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court, in regards to the prerequisite of an indictment, in reality no longer exists. **Ex Parte Bain**, supra (121 U.S. at 10. 13). This court must be aware that "the very purpose of the requirement that a man be indicted by a Grand Jury is to limit his jeopardy to offenses

charged by a group of his fellow citizens acting independently of either posecuting attorney or judge." See, **Stirone v. United States,** supra. (361 U.S. at 218).

## LACK OF ADMINISTRATIVE AGENCY JURISDICTION
### OVER LOCUS IN QUO

39.

Defense counsel was ineffective by failing to raise or challenge that no amendment to the Constitution can be found to provide for the unbridled, nationwide application of the Federal Statutory Provisions under which the Petitioner is charged.

40.

The Constitution for the United States created a government which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. But when laws do not come from an enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

41.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide for the punishment of counterfeiting of the coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on high seas, raise and support an Army and Navy, and lay and collect direct taxes by apportionment, and indirect taxes

///// - 29 Memorandum of Law with Incorporated Points and Authorities

by exercise, duties, or imports.

42.

This is about the extent of the legitimate jurisdiction of the Federal United States Government.  It is only in these areas, supra, that a "crime (or offense) against the Federal United States" can exist, and this is so only when Congress actually passes a Law in one of these areas.  But an act committed within a State, whether with honest or criminal intent, cannot be made an offense against the United States unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States.  **United States v. Fox**, 95 U.S. 670, 672 (1877).  [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever.  The criminal jurisdiction of the courts of the United States is wholly derived from the statutes of the United States.  **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890); **United States v. Flores**, 289 U.S. 137, 151 (1932).  Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court.  **United States v. Beford**, 27 Fed. Cas., pg. 91 ;ᵒ¹03 Case No. 15, 867 (1847).

43.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by a Congressional act pursuany to the U.S. Constitution.  There is no other source from which Congress can get authority to make law, including the Common Law.  Thus, it has been said that, "There is no Federal

Common Law."

44.

But the better way of stating this is to say, "There are no Common Law offenses (or crimes) against the United States." **United States v. Britton**, 108 U.S. 199, 206 (1882); **United States v. Eaton**, 144 U.S. 677, 687, (1897); **United States v. Gradwell**, 243 U.S. 476, 485 (1916); **Donnelley v. United States**, 276 U.S. 505, 511 (1927); **Jerome v. United States**, 318 U.S. 101, 104 (1942); **Norton v. United States**, 92 Fed. 2d 753 (1937). In other words the Common Law is not a source for criminal jurisdiction as it is in States. **United States v. Grossman**, 1. Fed. 2d 941, 950-51 (1924).

45.

BY "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. Thus, it is even more correct to say that, "The federal courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (federal courts) can take jurisdiction." **State of Pennsylvania v. The Wheeling El Bridge Co.**, 13 How. (54 U.S.) 518, 563 (1851).

46.

If Congress tries to make a Common Law offense a crime (such as Libel, Drugs, Theft, Burglary, Kidnapping, Arson, Rape, Abortion, Fraud, etc.), having no relation to an enumerated power it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus, the only thing that can be a crime against the United States

is that which comes from the U.S. Constitution.  These concepts
were stated early on by the U.S. Supreme Court.

" In relation to crimes and punishments, the objects of the delegated
powers of the United States are enumerated and fixed.  Congress may
provide for the punishment of counterfeiting the securities and current coin of
the United States, and may define and punish piracies and felonies committed on
the high seas, and offenses against the law of nations.  **Art.** §8 but there is
no reference to a Common Law Authority.  Every power is [a] matter of definite
and positive grant; and the very powers that are granted cannot take effect until
they are exercised through the medium of law.  **The United States v. Wortall,**
2 Dall. (2 U.S. ) 384, 391 (1798).

47.

A Constitution is not to be made to mean one thing at one time,
and another at some subsequent time when the circumstances have so
changed, as perhaps to make a different rule in the case seem desir-
able.  A principal share of the benefit expected from written con-
stitutions would be lost if the rules they establish were so flex-
ible as to bend to circumstances or be modified by public opinion.
[A] court of legislature which should allow a change in public sent-
iment to influence it in giving to a written constitution a const-
ruction not warranted by the intention of its founders, would be
justly chargeable with reckless disregard of the official oath.
(28 U.S.C. §453 - 18 U.S.C. §1621) and piblic duty; and if its course
could become a precedent, these instruments would be of little avail.
What a court is to do, therefore, is to declare the Law as written.
**T.M. Cooley. A Treaties on the Constitutional Limitations,** 5th Ed.,
pp. 54, 55, rather than be swayed by political ambition and the un-
lawful usurpation of police powers.  Chief Justice John Marshall
stated:

" We [Judges] have no right to decline the exercise of jurisdiction
which is given, that to usurp that which is not given. The one or
the other would be **Treason** to the Constitution". <u>Cohens v. Virginia</u>,
U.S. 264, 404 (1821).

48.

The United States Code was approved by an Act of Congress on
June 30, 1926 (44 Stat. Part I). The code is assembled and revised
under the supervision of "The Committee on the Judiciary of the
House of Representatives." The main work of revision is done by
a subcommittee or office of this committee called "The Office of
the Law Revision Counsel of the House of Representatives." It con-
sists of an appointed supervisor, some members of Congress, some
volunteer Lawyers, and persons from West Publishing of St. Paul
Minnesota.

49.

When the U.S. Code was first published, it never was stated to
be the official laws of the United States. Rather, it was stated
that the Code was a "Restatement" of law, or was only "prima facie
evidence of the laws of the United States." On this matter the
court stated:

> The United States Code was not enacted as a statute, nor can it be con-
> strued as such. It is only a prima facie of the statement of the stat-
> ute law.... If construction is necessary, recourse must be had to the
> original statutes themselves. <u>Five Flages Pig Line Co. v. Dept. of
> Transportation</u>, 854, F.2d 1438, 1440 (1988); <u>Stephan v. United States</u>,
> 319 U.S. 415, 426 (1943), 44 Stat. Part 1, preface; <u>Murrell v. Western
> Union Tel. Co.</u>, 160 F.2d 787, 788, (1947); <u>United States v. Mercur Corp.</u>,
> 83 F.2d 178, 180 (1936).

50.

This tells us that the United States Code, as originally established, was not on an equal plain with the "original statutes" or the **Statutes at Large.** Thus, the Code was not **True Law.** With the state of regular use of the U.S. Code, numerous problems arose in that it contained mistakes, errors and inconsistencies as compared to the Statutes at Large. Thus, in 1947, Congress enacted several of the Titles into "positive law," such as the Act: "To codify and enact into positive law, **Title 1 of the** United States Code," in doing so they devised some new terminology; which is set out under 61 Stat. 633, 638-644; 1 U.S.C. §204(a).

51.

Look back at the cases cited, which state that the criminal jurisdiction of the United States exists only by Acts of Congress pursuant to the Constitution. In the nature of a question of law, if a federal court were asked whether the Code cited in an indictment is an Act of Congress, the court could not gightfully say it — is, because the Code citation contains no Congressional enacting for that citation as required by 61 Stat. 633, 634 §101. If no such enacting clause appears on the face of the law, it is not an Acy of Congress and **no** criminal jurisdiction exists without a bona fide Act of Congress. The argument in such a case is that the indictment does not set forth a case arising under the Constitution, as there is no Act of Congress with a duly required enacting clause. Thus, there is no subject matter jurisdiction pursuant to the federal judicial power defined in the nature of **Article III, §2 of** the Federal Constitution.

52.

No where does it say in the Code, or in the pronouncements by Congress or the Courts, that the laws in the U.S. Code are Acts of Congress.  In fact, the Code is always regarded as something different from the Statutes at Large.

> But no one denies that the official source to find United States law is the Statutes at Large and the Code is only prima facie evidence of such laws.

54.

An invalid, unconstitutional or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information.  If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction.  When an accused party is indicted under a not-yet-effective or unenacted statute, the charging documents is void.

55.

Congress has no general power to enact police regulations operative within the territorial limits of a State.  Slaughter-House Cases, 83 U.S. 36; United States v. Dewitt, 76 U.S. 41; Gibbons v. Ogden, 22 U.S. 1; and it cannot take this power from the states or attempt any supervision over the regulations of the States established under this power, Keller v. United States, 213 U.S. 138.  The exercise of the police power by a state is beyond interference by the Federal Government.  See also, People v. Godfrey, 17 Johns 225, at 233 (N.Y. 1818); United States v. Bevans, 16 (3 Wheat) 336 (1818) Adams v. United States, 319 U.S. 312 (1943), and Caha v. United

States, 152 U.S. 211, 215 (1894), Supreme Court authorities, which contain language that leaves no room for misinterpretation of mis-application.

### UNPROMULGATED REGULATORY STATUTES

56.

Defense counsel was ineffective by failing to raise that there are no public implementing regulations in the Code of Federal Regulations (CFR) for the Federal Statutory Provisions under which thePetitioner is charged.

57.

That, defense counsel failed ab initio to raise or challenge the fact that the Federal Statutory Provisions under which the Petitioner is charged are unenacted by Congress, unpromulgated in the Federal Register and possess no public implementing authorities in the Federal Code of Regulation.  THe Petitioner would like the record to reflect that the Federal Statutory Provisions under which he is charged, are in fact commercial regulatory statutes which have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under 44 U.S.C. §1505, et seq., and 5 U.S.C. §601.  Therefore, it is arguable that this court has jurisdiction to adjudicate sanctions for violations of Unpromulgated Regulatory Statutes.  The Petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused party is charged, have published regulations, thus these Federal Statutory Provisions **Title 18 of the United States Code §924(c), and Title 21 of the United States Code §846,** lack the force and effect of law, when misapplied beyond the

parameters of Rule 54(c) - Acts of Congress, of Federal Rules of Criminal Procedure.

58.

In **Foley Brothers v. Filardo**, 336 U.S. 281 (1949), the high court stated, "It is well established as a principal of law, that all federal legislation applies only within the territorial juris- diction of the (federal) United States unless contrary intent appears." In order for a contrary intent to be facilitated, dele- gations of authority and implementing regulations must be published in the Federal Register.

59.

Fortunately, there is a readily available method for discerning which Statute at Large, and which Statute contained within the 50 Titles of the United States Code, possess either restricted applic- ation, or general applicability to the several States and the pop- ulation at large. This method is through consulting the Parallel Tables of Authority and Rules which begin at page **709 of the 1998 Index Volume to the Code of Federal Regulations.** Its authority is located at **1 C.F.R. §8.5(a).**

60.

The **Administrative Procedure Act**, located at 5 U.S.C. §§552 ET SEQ., and the **Federal Register Act**, located at 44 U.S.C. §1505 et seq., provide the means for determining which Statutes in any given Act of Congress are applicable, within federal areas, and which Statutes have "general" applicability within the territories, en- claves, and insular possessions, belonging to the Federal United

States.  At §1505(a)(1), of Title 44 of the United States Code,
it is found that if a Statute is not published in the Federal
Register, the application of the statutory provision is restricted
to federal agencies, or persons acting in their capacity as officers,
agents or employees of the federal government.

61.

Positive Law is the irrefutable Law of the United States of
America, which has withstood the test of time.  However, when fed-
eral statutory provisions are not duly and properly promulgated in
accordance with the law, then such Statutes lack the force of law,
and may not be applied capriciously or arbitrarily.

62.

In **Hotch v. United States**, 212 F.2d 280 (9th Cir. 1954), at
p.283, the court stated:

> " Under our system of law, no act is punishable as a crime unless it
> is specifically condemned by the Common Law or by statutory enactment
> of the Legilature (22 C.J.S. Crim. Law, see 17).  Therefore, the Ad-
> ministrative Procedure Act and the Federal Register Act must be read
> as a part of every Congressional delegation of authority unless specif-
> ically excepted.  Those acts require publication, irrespective of ac-
> tual notice, as a prerequisite to the "issuance" of a regulation mak-
> ing certain acts criminal.  If certain acts have not been made crimes
> by duly enacted law, the knowledge of their administrative proscription
> cannot subject the informed person to criminal prosecution.  While
> ignorance of the law is no defense, it is conversely true that a law
> which has not been duly enacted into positive law, is not a law general
> applicability and therefore, a person who does not comply with its pro-
> visions cannot be guilty of a crime."

63.

In **Wei v. Robinson**, 246 F.2d 739 (7th Cir. 1957). cert. den. 78 S.CT. 144, 355 U.S. 879, the Supreme Court stated, "Contents of the Federal Register and the Code of Federal Regulations are **prima facie evidence** of the original text and are required to be judicially noted." In **Wolfson v. United States**, 492 F.2d 1386, 204 Ct. Cl. 83 (1974). "When regulations are published in the Federal Register, they give legal notice of their contents to all who may be affected thereby." In **Shafer v. United States**, 229 F.2d 124, cert. den. 76 S.Ct. 78, 351 U.S. 931, the court stated, "The publication of a document in the Federal Register creates a rebuttable presumption of validity." **Northern States Power Co. v. Rural Electrification Administration**, 248 F. Supp 616 (1965), the court stated, "Rules by which government agency of general applicability and published in accordance with the Federal Register Act have force and effect of Statute Law and are binding on those publishing them as well as the general public until such time as they be repealed or modified. **Fed. Reg. Act §1, et seq.**, 44 U.S. C.A. §301 et seq.

64.

In **United States v. Mersky**, 361 U.S. 431, 438 (1960), the Supreme Court stated:

> " Once promulgated, these regulations called for by the statute itself have the force of law, and violation thereof incur criminal posecutions just as if all the details have been incorporated into the Congressional language. The result is that neither the Statute nor the Regulation are complete without the other, and only together do they have any force in effect; therefore, the construction of one necessarily involves the construction of the other, and in the context of criminal prosecutions, the rule of strict construction must be applied in the interpretation of an Administrative Regulation to which

sequences attach under the Statute authorizing the promulgation of the regulation, as well as the construction of the statute."

65.

In **United States v. Reinis**, 794 F.2d 506 (9th Cir. 1986), the court stated, "An individual cannot be prosecuted for violating the "Act" unless he violates an implementing regulation." See also, **United States v. Two Hundred Thousand Dollar**, 590 F. Supp 846 (S.D. Fla. 1984), specifically stated at 1 C.F.R. §1, "All regulations must be published in the Federal Register to have general applicability and legal effect." Regulation published by the Secretary at 26 C.F.R. 601-702(ii), acknowledge the effect of failure to publish by stating, "Thus for example, any such matter which imposes an obligation and which is not so published or incorporated by reference will not adversely change or affect a persons rights."

66.

The Supreme Court stated in **United States v. Welden**, 377 U.S. 95 (1964), that, "Under 1 U.S.C. §204(A), which provides that the United States Code establishes prima facie the laws of the United States and that when Titles of the Code are enacted into positive law, the text thereof is legal evidence of the law contained therein, the very meaning of 'prima facie' is that the Code cannot prevail over the Statutes at Large when the two are inconsistent. If construction of a section of the United States Code which has not been enacted into positive law is necessary, recourse must be had in the Original Statutes themselves and a changed arrangement made by the codifier without the approval of Congress should be given no weight. **Stephan v. United States**, 319 U.S. 423 (1943); Best **Foods v. United**

States, 147 F.Supp. 749, 37 Cust. Ct. 1 (1956); Peart v. Motor Vessel Bering Explorer, 373 F.Supp. 927 (1974).

67.

The provides that when implementing regulations are at variance with the statutory provisions of which are intended to promulgate that they fail to give proper notice under the due process clause of the Federal Constitution of the 'FAir Notice Doctrine', set out under United Statesvv. Nevers, 7 F.3d 59 (5th Cir. 1993). Administrative regulations, in order to be valid, must also be consistent with, and not contrary to, "The statute under which they are promulgated." United States v. Larionoff, 431 U.S. 864, at 973, 97 S.Ct. 2150, at 2156, 53 L.Ed. 2d 48 at 56. "A regulation beyond the scope of, or in harmony with, underlying legislation is a mere nullity." Id. at 873 n.12, 97 S.Ct. at 2156, n.12,; Manhatton Gen. Equip. Co. v. C.I.R., 297 U.S., at 134, Neel v. United States, 266 F.Supp., at 10. To make this determination, it is necessary for the court to square the regulations against the statute that it purports to implement, comparing the sphere of authority of each. Western Union Teleg. Co. v. F.C.C., 541 F.2d 346, 354 (3rd Cir. 1976) cert. den. 429 U.S. 1029 (1977). An Administrative Regulation must be reasonably related to advancing the purpose of the enabling legislation. Morning v. Family Publications Services, Inc., 411 U.S. 356, 369 (1973). In the framework of criminal prosecution, unclarity in the statute or a regulation issued thereunder is, enough to resolve doubts in favor of the defendant. United States v. Mersky, supra.

**FATAL DEFECTS IN THE GOVERNMENTS CHARGING INSTRUMENTS**

68.

The defense counsel was ineffective by failing to raise or challenge the self-evident and self-declaring defects in the government's charging instruments.

69.

The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact in sine qua to the legitimate application of the subsequent charged offense. The legitimate application and charging of **Title 18 U.S.C. Section 924(c), and Title 21 of the United States Code Section 846** must be connected to an alleged violation of the Federal Interstate Commerce Statute, otherwise Federal Subject Matter Jurisdiction is missing. See, **United States v. Pupo**, 841 F.2d 1235. The Petitioner argues that an indictment fails to apprise the accused party of what he must be prepared to defend against. Accordingly, an allegation of Interstate Commerce is jurisdiction and as such is an essential element in appraising the Petitioner of the Grand Jury's authority to indict under **Title 18 of the United States Code Section 924(c), and Title 21 of the United States Code §846,** see **United States v. Young**, 730 F.2d at 224 (the particular predicate for jurisdiction is essential element of offense); **United States v. McCray,** 665 F.2d 664, 678, 679 (5th Cir. 1982). The Constitutional Rights of an accused are violated when modification, at trial or by Court of appeals acts to broaden the charge contained in the indictment, such modifications contradict the very purpose of the  Fifth

///// - 42 Memorandum of Law with Incorporated Points and Authorities - N

Amendment Grand Jury requirement.  See, **United States v. Stirone**, **361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct.** see at **273** (expressing similar views).  The failure of the government to include in the indictment any charge that the Petitioner's conduct affected Interstate or Intra-state, or any commerce was not cured by the citation of the Statutes.  In the sufficiency of an indictment it is the statement of facts in the pleadings rather than the Statutory Citation that is controlling.  See, **United States v. Wuco**, **535 F.2d 1225 (9th Cir. 1976) cert. den. 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976).** It is elementary that every ingredient of the crime **must** be charged in the bill, with a general reference to the provisions of the stat-ute being insufficient.  See, **Hale v. United States**, **89 F.2d (4th Cir.)** and **United States v. Berlin**, **472 F.2d 1002, 1007 (2nd Cir. 1973)**; also **United States v. Beard**, **414 F.2d 1014, 1017 (3rd Cir.).** This indictment under **Title 18 Section 924(c) of the United** **Code, and Title 21 Section 846, of the United States** **Code,** fails to allege a nexus between Petitioner's conduct and Inter-state Commerce in dealing with an indictment where no alleged comm-erce allegation is made.  The Petitioner argues this court should hold that lack of commerce allegation in the indictment, precludes it from considering whether a conviction under **Title 18 Section** **924(c) of the United States Code, and Title 21 Section 846** **of the United States Code,** can be sustained even if the government alleged and proved that the offenses had a nexus to commerce.  See, **United States v. Lopez, at 2 F.3d 1342,** (the holding of the 5th Cir. Court of Appeals).

70.

The Federal Governments failure to establish proof of other evidence or jurisdiction or ownership over each and every geographic location in which the alleged criminal activities took place divested the court of jurisdiction over the subject matter and **mandates reversal**. Where the lands were never ceded to the United States, and the locations which lie within the territorial boundaries of the states and not the Federal Government. Then the Federal Government lacks jurisdiction over any criminal activities which lie therein. Thus, the government's view that **Title 18 Section 924(c) of the United States Code, and Title 21 Section 846 of the United States Code** can be used and applied to all crimes that occur any place or in any geographic location, even though the statute lacks a commerce nexus, and the government's failure to allege any effect on commerce or other basis for jurisdiction, and not withstanding the states sovereign jurisdiction over its territory, are contrary to the Constitution of the United States. Such a position would ask that this court to infer that Congressional Laws may be converted to general police power and authority, without statutory or Constitutional support which only the States may properly possess.

71.

It is a firmly established and accepted fact that the Federal Government's power. authority, and jurisdiction does not extend beyond the boundaries and parameters of the embodiment of the Federal Government itself, i.e. "territory, lands, property owned by the Federal Government over which jurisdiction has been ceded by the state legislature." However, the Federal Government does not have

the power, nor does the Constitution grant the power to punish persons for various other crimes over which jurisdiction is retained by the States. Preventing and prosecuting such various crimes is much the business of the States than the Federal Government. **Arizona v. Manypenny**, 451 U.S. 232, 101 S.Ct. 1657. It is of the utmost importance and relevance to note, retain, and embellish within the mind that the territorial jurisdiction of the United States is limited to the Federal Enclaves. **United States v. Fessler**, 781 F.2d 384, 386 (1986). In the instant matter, the facts and offense alleged do not conform with or meet any jurisdiction requirements described within and in the foregoing. Thus, without proper jurisdiction of the subject matter, any prosecution or continuation of this matter is unlawful at its inception and duration. To bring the offenses within the jurisdiction of the Fedral Courts, it must have been committed out of the jurisdiction of any State; it is not the offenses committed, but rather the place in which the offense is committed. **People v. Godfrey**, 17 Johns 225 at 233. In the doctrine of "Lex Loci" or the "Law of the place" determines that standard of conduct and governs as to matters within the right of action. See, **Gray v. Blight**, 112 F.2d 696. While no one disputes the proposition that "the Constitution created a Federal Government of limited powers," **Gregory v. Ascroft**, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991); and that while the Tenth Amendment makes explicit "that the powers not delegated to the United States by the Constitution nor prohibited by it to the States, are reserved to the States respective, or to the people."

72.

The argument is the division of authority between the State and Federal Government, and the government's jurisdiction in sustaining conviction under the Federal Statutory Provisions in which the Petitioner is charged **Title 18 U.S.C. Section 924(c), and Title 21 U.S.C. §846,** the government's broader reading of these statutes would mark a major inroad into the domain left to the States.   If a power is delegated to Congress in the Constitution (such as those enumerated), the Tenth Amendment expressly disclaims any reservation of that power to the States.  If a power is an attribute of the States sovereignty (such as this one we are arguing), reserved by the Congress.  See, **United States v. Oregon,** 366 U.S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278 (1961); **Case v. Bowles,** 327 U.S. 92, 102, 90 L.Ed. 552, 66 S.Ct. 438 (1946); **Oklahoma ex rel Phillips v. Guy F. Atkinson Co.,** 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S.Ct. 1050 (1941).

73.

It is in this sense that the Tenth Amendment states but a truism "that all is retained which has not been surrendered." **United States v. Darby,** 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941).  As Justice Story put it, "this amendment is a mere affirmation of what, upon any just reasoning is a necessary rule of interpreting the Constitution.  Being an instrument of limited and enumerated powers, it follows irrisistable, that what is not conferred is withheld and belongs to the States authorities."  **3.j. Story Commentaries on the Constitution of the United States 752 (1833).**

The argument this Petitioner brings to this court is the Federal
Government did not have jurisdiction over the geographical location
wherein the alleged prohibitive activity took place, in land, which
were never ceded to the United States, the interstate commerce ele-
ment becomes essential to establish jurisdiction and prove every
element of the offense.  Applying the rational of the Supreme Court
in **United States v. Mechanik**, 475 U.S. 66, 70, 106 S.Ct. 938, 941,
89 L.Ed. 2d 50 (1989), and **United States v. Hooker**, 841 F.2d 1225,
like the decision in **Hooker** Petitioner maintains that the harmless
error analysis of **Mechanik**, cannot be applied here because the court
had no jurisdiction to try the Petitioner on a count which failed
to expressly allege an effect on inter or intra-state commerce.
Jurisdiction is lacking if the indictment did not allege a federal
crime, by means of a connection with Interstate Commerce.  This act-
ion by the prosecutor, would certainly deprive the Petitioner the
basic protection, which the guaranty of the intervention of a Grand
Jury was designed to secure.  For the defendant/petitioner could
then be convicted on the basis of charges not found by and perhaps
not even presented to the Grand Jury, which indicted him.  See,
**Orfield Criminal Procedure from Arrest to Appeal, 243.**  Petitioner
now asserts his Fifth and Sixth Amendment Right of Due Process, in
arguing that he was never indicted by his Grand Jury for effecting
any commerce!  Thus, failure to present this element or state it in
the pleading of the indictment, preclude the Appellate Court from
sustaining his conviction,  For all these above reasons, Petitioner
asks this Court to look carefully to the Constitution and the cited
statutes,  Petitioner asks this Court to invoke the doctrine of

**Stare Decisis:** when a court has once laid down a principle of law applicable to a certain state of facts it will adhere to that principle, and apply it to all future cases, where facts are sub-stantiatially the same regardless of whether the parties are the same. The doctrine of Stare Decisis, provides the means by which courts assure that the law will not merely change erratically but will develop in principle and inteligible fashion; the doctrine permits society to presume that bedrock principles are found in law rather than in the proclivities of individuals, and thereby contributes to the integrity of our Constitution system of government in appear-ance and in fact.  Petitioner now invokes the doctrine of **Stare Decisis** to his arguments herein; "Any departure from the doctrine of Stare Decisis demands special justification." **Arizona v. Rumsey**, 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984); also **Olson v. Kennedy**, 456 U.S. 667, 691 n.34, 72 L.Ed.2d 416, 102 S.Ct. 2083 (1982).  Stevens J. concurring in judgment. **Title 18 U.S.C. §924(c), & Title 21 §846,** if Congress wanted these statutes to be used outside of their territorial jurisdiction, such as anywhere or any place then it would have drafted the needed provision, which certain-ly would have included Interstate Commerce nexus that is required. "Federal criminal statutes intended to be enforced within the States exceeds Congress Commerce Clause authority."  To uphold the govern-ment's contention that it can bring criminal charges for crimes committed within a State is to convert Congressional authority into police power, which is only within the authority of the States. See, **United States v. Lopez**, No. 93-1260, (decided April 26, 1995). In **McCullough v. Maryland**, 4 Wheat. 316

(1819), the Federal Government had to acknowledge that it can only exercise power granted to it. The enumerated presupposes something not enumerated. See, **Gibbons v. ogden**, supra at 195. The Constitution mandates that Congress cannot give itself plenary police powers over the State territories. Congress must operate within the framework of what the Supreme Court defines the law to be. See, **Marbury v. Madison**, 1 Cranch 137.

74.

That, defense counsel failed at the sentencing of the Petitioner to raise or challenge that §3551 of Title 18 applies only to those who according to the language of the statute, supra had been found guilty of any offense described in the Federal Statute...other than an Act of Congress applicable exclusively in the District of Columbia. Acts of Congress (Federal Law) are defined and circumscribed under Rule 54(c) Federal Rules of Criminal Procedure. Implementing regulations for 18 U.S.C. §3551 are at variance with their application in the instant cause. Where the instant matter is concerned, the accused committed no violation of any properly enacted and duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulation for the Federal Sentencing Provisions, thus, the Sentencing Provisions set out under 18 U.S.C. §3551 do not apply to the accused. By consulting the **Parallel Tables of Authorities and Rules 1997 Ed. at page 733**, it is found that the implementing regulation for 18 U.S.C. §3551 are set out under 43 C.F.R. 9260 public lands, Alaska, 36 C.F.R. 242-subsistence management regulations for public lands Alaska, and 50 C.F.R. 100, (same as 36 C.F.R.

242). Where the instant matter is concerned the accused committed
no violation of any properly enacted and/or duly promulgated federal
law within the legislative jurisdiction of the Federal United States,
nor within the parameters defined under the implementing regulations
provisions, thus, the sentencing provisions set out under 18 U.S.C.
§3551 do not apply to the accused.

### 75.

The court will find that the statutory provisions under which
the U.S. District Court imposed the sentence against the accused
(18 U.S.C. §3551) apply not to the Acts of Congress, which are app-
licable only in the District of Columbia. See, **Rule 54(c)**.

### 76.

It may further be shown that the statutory provision. 18 U.S.C.
§3551, is at variance with its published implementing, thereby creat-
ing ambiguity as to its lawful authority and applicability over the
accused.

### 77.

An invalid, unconstitutional, or non-existent statute affects
the validity of the "charging document," that is, the complaint, in-
dictment or information. If these documents are void or fatally de-
fective, there is no subject matter jurisdiction since they are the
basis of the court's jurisdiction; when an accused party is indicted
under a not yet effective or unenacted statute, the charging document
is void.

### 78.

The indictment or complaint can be invalid if it is not

constructed in the particular mode or form prescribed by the Const-
itution or Statute (42 C.J.S., 'Indictments and Information,' §§1
p.833). But it also can be defective and void when it charges a
violation of a law, and that law is void, unconstitutional, unenact-
ed, or mis-applied. If the charging document is void, the subject
matter of a court does not exist. The want of a sufficient affid-
avit, complaint, or information goes to the jurisdiction of the court,
and renders all proceedings prior to the filing of a proper instru-
ment void ab initio. **22 Corpus Juris Secundum, "Criminal Law,"
§324, p.390.**

### 79.

One way in which a complaint, or indictment fails to charge a
crime, is by its failure to have the charge based upon a valid or
duly enacted law. Complaints or indictments which cite invalid laws,
or incomplete law, or non-existent law are regarded as being invalid
on their case, thus fatally defective.

### 80.

The crux then of this whole issue of jurisdiction revolves
around law, that is, the law claimed to be violated. If one is sub-
ject to a law, they are then under the jurisdiction of some author-
ity. If a crime is alleged but there is no law to form the basis
of that crime, there is no jurisdiction to try and sentence one even
though they are subject to the legislative body and the court.
There has to be a law, a valid law, for subject matter jurisdiction
to exist. Laws which lack an enacting clause are not laws of the
legislative body to which we are constitutionally subject. Thus,

if a complaint or information charges one with a violation of a law which has no enacting clause, then no valid law cited.  If it cites no valid law then the complaint charges no crime, and the court has no subject matter jurisdiction to try the accused party.

> [N]o authority need to be cited for the proposition that, when a
> court lacks jurisdiction, any judgment rendered by it is void and
> unenforceable...and without any force or effect whatever.
> Hooker v. Boles, 346 F.2d 285, 286 (1965).

### 81.

A judge or court may be in a legal sense immune from any claims that it is guilty of wrong because of its improper exercise of juris- diction.  However, it has no such protection where it lacks juris- diction and the issue has been raised and asserted.  When the lack of jurisdiction has been shown, a judgment rendered is not only bold, but is also usurpation.  Jurisdiction is a fundamental prerequisite, and an usurpation thereof is a nullity.  22 Corpus Juris Secundum, "Criminal Law," §150 p.183.  The excessive exercise of authority has reference to want of power over the subject matter, the result is void when challenged directly or collaterally.  If it has reference merely to the judicial method of the exercise of power, the result is binding upon the parties to the litigation till reversed.  The former is usurpation; the latter error in judgment.  Voorhees v. The Bank of the United States, 35 U.S. 449, 474-75 (1836), the line which separates error in judgment from the usurpation of power is very definite.

### 82.

This Honorable Court must be compelled to find as a Matter of Law, that the Petitioner is in custody and detained of his Liberty

in violation of the Constitution of the United States of America, where the foregoing and the court's own record support that the Federal Government lacked Federal Legislative jurisdiction over the locus in quo, whereon the purported prohibitive acts were committed; and,

### 83.

That the government lacked Federal Subject Matter jurisdiction where no prohibitive acts or conduct of the Petitioner moved beyond the borders of the sovereign state, nor was the Petitioner indicted via the governments charging instrument, for an alleged violation of the Federal Interstate Commerce Statute, thus, the Federal Government **lacked Federal Subject Matter jurisdiction**, a sine qua non to federal prosecution of the offense alleged against the Petitioner.

### CONCLUSION

### 84.

Where the instant cause is concerned, the Federal Statutory Provisions under which the Petitioner is imprisoned and detained of his LIBERTY, have not been promulgated by Congress in the Federal Register (44 U.S.C. §1505), nor do such statutory provisions possess published implementing regulations in the Code of Federal Regulations, nor is there to be found an Amendment to the Constitution, ratified by the several sovereign states, to provide for nationwide application of these Federal Statutory Provisions.

### 85.

The Constitution of the United States of America, provides that it is only the Congress of the United States who has the authority to create and enact Federal Laws.

86.

The Statutory Provisions under which the Petitioner is charged do not have implementing regulations in the Code of Federal Regulations; the section falls under 62 **Statutes at Large,** which have not been promulgated in the Federal Register by Congress, and fails to possess any published implementing regulation in the Code of Federal Regulations.

87.

There is no Amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the accused party is charged.

88.

The undersigned committed no violations of the Federal Interstate Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus, there is no showing of Federal Subject Matter jurisdiction.

89.

The locus in quo where the alleged prohibitive acts of the under-signed took place is a geographical location not within the Legislative, Territorial or Admiralty jurisdiction of the Federal Government.

WHEREFORE, the court should be compelled to find as a Matter of Law that the Petitioner committed no alleged prohibitive acts within the Legislative, Territorial or Admiralty jurisdiction of the Federal United States, or within the reach of Interstate Commerce Clause Statute, therefore the Petitioner is unlawfully

incarcerated and detained in violation of his secured Constitution-
al Rights by way of Judgment of the court in want of jurisdiction,
and the denial of the effective assistance of counsel.  The
Petitioner must therefore, by law, be released and discharged
from federal custody forthwith.

Date:____2-8_____,2007          Respectfully Submitted by,

                                   _____
                                   Jeffrey Lynn Dial/pro-se

//// - 55 Memorandum of Law with Incorporated Points and Authorities - N

TABLE OF CITATIONS

FROM THE MEMORANDUM OF LAW

3.

ADAMS v. UNITED STATES, Dk. No. 97-2263 (2nd Cir. 1998)

UNITED STATES v. MORGAN, 346 U.S. 502, 505 (1954)

4.

28 U.S.C. §88 District of Columbia Courts, Act of June 7, 1934,

48 Stat. 926, and the Act June 25, 1936, 49 Stat. 1921

O'DONOGHUE v. UNITED STATES, 289 U.S. 516 (1933), 77 L.Ed. 1356,

53 S.Ct. 74

MOOKINI v. U.S., 303 U.S. 201 at 205 (1938), 82 L.Ed. 748, 58 S.Ct. 543

FEDERAL TRADE COMMISSION v. KLESNER, 274 U.S. 145 (1927)

CLAIBORNE-ANNAPOLIS FERRY CO. v. UNITED STATES, 285 U.S. 382 (1932)

6.

HARTFORD v. DAVIES, 16 S.Ct. 1051 (1896)

UNITED STATES v. BEAVANS, 16 U.S. (3 Wheat) 336 (1818)

UNITED STATES v. BENSON, 495 F.2d 481 (1946)

UNITED STATES v. ROGERS, 23 F. 658 (DC Ark. 1885)

FORT LEAVENWORTH RAILROAD v. IOWA, 114 U.S. 525 (1885)

ADAMS v. UNITED STATES, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421

(1943)

7.

UNITED STATES v. JOHNSON, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S.

169, 15 L.Ed. 681

1-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth. - N

9.

UNITED STATES v. BEAVENS, 16 U.S. Wheat 336 (1818)

3 WHEAT at 350, 351

3 WHEAT at 386, 387

3 WHEAT at 388

11.

People v. Godfrey, 7 Johns 225 N.Y. (1819)

17 Johns at 233 (emphasis added)

12.

United States v. Beavens, supra

United States v. Cornell, 2 Manson 60, 1 Cir. (1819)

2 Manson, at 63

13.

New Orleans v. United States, 35 U.S. (10 pet) 662 (1836)

10 Pet. at 737

14.

New York v. Miln, 36 U.S. (11 Pet.) 102 (1837)

36 U.S. at 133

36 U.S. at 139

15.

Pollar v. Hagan, 44 U.S. (3 How.) 212 (1845)

44 U.S. at 221

44 U.S. at 228, 229

16.

Fort Leavenworth R. Co. v. Iowa, 114 U.S. 525, (1885) 995

114 U.S. at 531

20.

<u>United States v. Fox</u>, 95 U.S. 670, 672 (1877)

<u>Manchester v. Massachusetts</u>, 139 U.S. 240, 262 (1890)

<u>United States v. Flores</u>, 289 U.S. 137, 151 (1932)

<u>U.S. v. Bedford</u>, 27 Fed. Cas. p.91, 103, Case No. 15,867 (1847)

22.

<u>United States v. Britton</u>, 108 U.S. 199, 206 (1882)

<u>United States v. Eaton</u>, 144 U.S. 677, 678 (1891)

<u>United States v. Gradwell</u>, 243 U.S. 476, 485 (1916)

<u>Donnelley v. United States</u>, 276 U.S. 505-511 (1927)

<u>Jerome v. United States</u>, 318 U.S. 101, 104 (1942)

<u>Norton v. United States</u>, 92 Fed. 2d 753 (1937)

<u>United States v. Grossman</u>, 1 Fed. 2d 941, 950-51 (1924)

23.

<u>State of Pennsylvania v. The Wheeling E. Bridge Co.</u>, 13 How. (54 U.S.) 518, 563 (1851)

24.

<u>The United States v. Worrall</u>, 2 Dall. (2 U.S.) 384, 391 (1798)

25.

<u>T.M. Cooley, A Treatise on the Constitutional Limitation</u>, 5th Ed. pp. 54, 55

<u>Cohens v. Virginia</u>, 6 Wheat. (19 U.S.) 264, 404 (1821)

<u>20 Am Jur 2d §60, 377</u>

<u>Davis v. Rogers</u>, 1 Houst (del) 44

28.

<u>Hagan v. Lavine</u>, 415 U.S. 528 (1974)

<u>Ex Parte McCardle</u>, 7, Wall 506 19 L.Ed. 264

<u>e.q. Marbury v. Madison</u>, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803)

<u>Mitchell v. Maurer</u>, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934)

3-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth. - N

<u>Judice v. Vail</u>, 430 U.S. 327, 331, 332 51 L.Ed.2d 376, 97 S.Ct.
1211 (1977)(standing)

<u>Bender v. Williams Port Areas School District</u>, 475 U.S. 534, L.Ed.2d
501, 106 S.Ct. 1326

<u>United States v. Corrick</u>, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D.Vy.
829 (1936)

<u>e.q. Sumner v. Matta</u>, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722,
101 S.Ct. 764 (1981)

<u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511 37 L.Ed.2d, 109, 93 S.Ct.
2222 (1973)

<u>Clark v. Paul Gray, Inc.</u>, 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct.
744 (1939)

<u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287-288
n. 10 82 L.Ed. 845 58 S.Ct. 586 (1939)

<u>Marbury v. Madison</u>, 5 U.S. 137, 176-178, 1 Cranch 137 (1803)

<u>Bell v. Maryland</u>, 378 U.S. 266, 224 (1964)

<u>Stanard v. Olesen</u>, 74 S.Ct. 768 (1954)

<u>McNutt v. G.M.</u>, 56 S.Ct. 789, 80 L.Ed. 1135

<u>Thomas v. Gaskiel</u>, 62 S.Ct. 673, 83 L.Ed. 111

<u>Housenbaum v. Bauer</u>, 120 U.S. 450 (1887)

31.

<u>46 American Jurisprudence 2d Judgments §26</u>

<u>American Jurisprudence 2d Courts §115</u>

32.

<u>State of Rhode Island et, al v. Commonwealth of Mass.</u>, 37 U.S. 657
(1938)

<u>Adams v. United States</u>, 87 L.Ed. 1421

<u>American Jurisprudence 2d Courts  §60</u>

4-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth. - N

Old Wayne Mut. Life Asso. v. McDonough, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236

35.

Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) at 857

36.

Brecht v. Abrahamson, 507 U.S. 123 L.Ed.2d 353, 113 S.Ct. 1710 (1993)

Engle v. Isaac, 456 U.S. 107, 128, 71 L.Ed.2d 783, 102 S.Ct. 1031, 162 ALR 1330 (1945)

United States v. Unmans, 410 U.S. 396, 411-412, 35 L.Ed.2d 379, 93 S.Ct. 1007 (1973)

United States v. Bass, 404 U.S. 336, 349 30 L.Ed.2d 488, 92 S.Ct. 515 (1971)

37.

United States v. Knowles, 29 F.3d 947, 952 (5th Cir. 1994)

38.

Meyer v. United States, 175 F.2d 45, 47 (2nd Cir. 1959)

Lewellyn v. Nunez, 573 F.2d 769 (2nd Cir. 1978)

C.I.R. v. Ridgeway's Estates, 291 F.2d 257 (3rd Cir. 1961)

United States v. Cruikshank, 92 U.S. 542, 558 23 L.Ed. 588, 593

United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819, 820

United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135

U.S. v. Hess, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543

Blitz v. U.S., 153 U.S. 308, 315, 38 L.Ed. 725, 14 S.Ct. 924

Keck v. U.S., 172 U.S. 434, 437 43 L.Ed. 505, 507, 19 S.Ct. 254

Morissette v. U.S., 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf.

U.S. v. Petrillio, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538

Hamling v. U.S., 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed.2d

5-Table of Cit. from the Memo. of LAw w/Incorp. Points and Auth. - N

**U.S. v. Pupo**, 841 F.2d 1235 (4th Cir. 1988)

**U.S. v. Hooker**, supra at 841 F.2d 1225 (4th Cir. 1988)

**Orfield Criminal Procedure from Arrest to Appeal 243**

**Ex Parte Bain**, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781

**United States v. Norris**, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424

**Stirone v. United States**, 361 U.S. 212, 4 L.Ed 2d 252, 80 S.Ct. 270

**Ex Parte Bain**, supra (121 U.S. at 10, 13)

**Stirone v. United States**, supra (361 U.S. at 218

42.

**United States v. Fox**, 95 U.S. 670, 672 (1877)

**Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890)

**United States v. Flores**, 289 U.S. 137, 151 (1932)

**U.S. v. Bedford**, 27 Fed. Cas., p. 91, 103, Case No. 15,867 (1847)

44.

**United States v. Britton**, 108 U.S. 199, 206 (1882)

**United States v. Eaton**, 144 U.S. 677, 687 (1897)

**United States v. Gradwell**, 243 U.S. 476, 485 (1916)

**Donnelley v. United States**, 276 U.S. 505, 511 (1927)

**Jerome v. United States**, 318 U.S. 101, 104 (1942)

**Norton v. United States**, 92 Fed. 2d 753 (1937)

**United States v. Grossman**, 1 Fed. 2d 941, 950-51 (1924)

45.

**State of Pennsylvania v. The Wheeling E. Bridge Co.**, 13 How. (54 U.S.)
518, 563 (1851)

**The United States v. Wortall**, 2 Dall. (2 U.S.) 384, 391 (1798)

47.

**T.M. Cooley, A Treatise on the Constitutional Limit.** 5th Ed. p. 54, 55

Cohens v. Virginia, U.S. 264, 404 (1821).

49.

Five Flags Pig Line Co. v. Dept. of Transportation, 854, F.2d 1438, 1440 (1988)

Stephan v. United States, 315 U.S. 415, 426 (1943)

44 Stat. Part 1, preface,

Murrel v. Western Union Tel. Co., 160 F.2d 787, 788, (1947)

United States v. Mercur Corp., 83 F.2d 178, 180 (1936)

53.

Roger's Inc. v. United States, 265 F.2d 615, 618 (1959)

55.

Slaughter-House Cases, 83 U.S. 36

United States v. Dewitt, 76 U.S. 41

Gibbons v. Ogden, 22 U.S. 1

Keller v United States, 213 U.S. 138

People v. Godfrey, 17 Johns 225, at 233 (N.Y. 1818)

United States v Beavens, 16 (3 Wheat) 336 (1818)

Adams v United States, 319 U.S. 312 (1943)

Caha v United States, 152 U.S. 211, 215 (1894)

58.

Foley Brothers v Filardo, 336 U.S. 281 (1949)

62.

Hotch v United States, 212 F.2d 280 (9th Cir. 1954), at p.283

63.

Wei v Robinson, 246 F.2d 739 (7th Cir. 1957) cert. den. 78 S.Ct. 144, 335 U.S. 879

7-Table of Cit. from Memo. of Law w/Incorp. Points and Auth. - N

**Shafer v United States**, 229 F.2d 124, cert. den. 76 S.Ct. 78, 351 U.S. 931

**Northern States Power Co. v Rural Electrification Administration** 248 F.Supp 616 (1965)

64.

**United States v Mersky**, 361 U.S. 431, 438 (1960)

65.

**United States v Reinis**, 794 F.2d 506 (9th Cir. 1986)

**United States v Two Hundred Thousand Dollars**, 590 F.Supp 846 (S.D. Fla. 1954)

66.

**United States v Welden**, 377 U.S. 95 (1964)

**Stephen v United States**, 319 U.S. 423 (1943)

**Best Foods v United States**, 147 F.Supp. 749, 37 Cust. Ct. 1 (1956)

**Peart v Motor Vessel Bering Explorer**, 373 F.Supp. 927 (1974)

67.

**United States v Nevers**, 7 F.3d 59 (5th Cir. 1993)

**United States v Larionoff**, 431 U.S. 864, at 973, 97 S.Ct. 2150, at 2156, 53 L.Ed.2d, 48 at 56

**Manhattan Gen. Equip. Co. v C.I.R.**, 297 U.S. at 134

**Neel v United States**, 266 F.Supp. at 10

**Western Union Teleg. Co. v F.C.C.**, 541 F.2d 346, 354 (3rd Cir. 1976, cert. den. 429 U.S. 1029 (1977)

**Morning v Family Publications Services, Inc.**, 411 U.S. 356, 369 (1973)

**United States v Mersky**, supra

69.

**United States v. Pupo**, 841 F.2d 1235

8-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth. - N

<u>United States v Young</u>, 730 F.2d at 224

<u>United States v McCray</u>, 665 F.2d 664, 678, 679 (5th Cir. 1982)

<u>United States v. Stirone</u>, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct.

<u>United States v Wuco</u>, 535 F.2d 1225 (9th Cir. 1976) cert. den. 429 U.S. 987, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976)

<u>Hale v United States</u>, 89 F.2d (4th Cir.)

<u>United States v Berlin</u>, 472 F.2d 1002, 1007 (2nd Cir. 1973)

<u>United States v. Beard</u>, 414 F.2d 1014, 1017 (3rd Cir.)

<u>UNited States v Lopez</u>, at 2 F.3d 1342

71.

<u>Arizona v Manypenny</u>, 451 U.S. 232, 101 S.Ct. 1657

<u>United States v Fessler</u>, 781 F.2d 384, 386 (1986)

<u>People v Godfrey</u>, 17 Johns 225 at 233

<u>Gray v Blight</u>, 112 F.2d 696

<u>Gregory v Ascroft</u>, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991)

72.

<u>United States v Oregon</u>, 366, U.S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278 (1961)

<u>Case v Bowles</u>, 327 U.S. 92, 102 90 L.Ed. 552, 66 S.Ct. 438 (1946)

<u>Oklahoma ex rel Philips v Guy F. Atkins Co.</u>, 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S.Ct. 1050 (1941)

73.

<u>United States v Darby</u>, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941)

<u>United States v Mechanik</u>, 475 U.S. 66, 70, 106 S.Ct. 938 S.Ct. 938, 941, 89 L.Ed.2d 50 (1989)

<u>United States v Hooker</u>, 841 F.2d 1225

_Arizona v Rumsey_, 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984)

_Olsen v Kennedy_, 456 U.S. 667, 691 n.34, 72 L.Ed.2d 416, 102 S.Ct. 2083

_United States v Lopez_, No. 93-1260, (decided April 26, 1995)

_McCullough v Maryland_, 4 Wheat 316 (1819)

_Gibbons v Ogden_, supra at 195.

_Marbury v Madison_, i Cranch 137, 177 (1803)

74.

18 USC §3551

Parallel Tables of Authorities and Rules 1997 Ed. at pg. 733

43 C.F.R. 9260-public lands, Alaska

36 C.F.R. 242- subsistence management regulations for public lands in Alaska

50 C.F.R. 100, (same as C.F.R. 242)

78.

42pC.838. 'Indictments and Information' §1

22 Corpus Juris Secundum, "Criminal Law", §324, p. 390

80.

_Hooker v Boles_, 346 F.2d 285, 286 (1965)

81.

22 Corpus Juris Secundum, "Criminal Law", §150 p. 183

_Voorhees v The Bank of the United States_, 35 U.S. 449, 474-75 (1836)

84.

Federal Register (44 U.S.C. §1505)

Jeffrey Lynn Dial/17417-075
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY LYNN DIAL, | CASE No. 1:05-00008-01 |
| Petitioner, | RE: CASE No. _____ |
| vs. | |
| ALBERTO GONZALES, ESQ., ATTORNEY GENERAL FOR THE "UNITED STATES," | ADMINISTRATIVE AND QUASI-JUDICIAL NOTICE |
| and | |
| HARLEY G. LAPPIN, DIR., FEDERAL BUREAU OF PRISONS, | |
| Respondents. | |

BEFORE THIS HONORABLE COURT:

COMES NOW, Jeffrey Lynn Dial, the Petitioner, in want of coun-
sel, and submits this Judicial Notice, to apprise the court of
the following, by and through said notice:

i.

Subsection §2255, of Title 28, of the United States Code, is
inapplicable and without the force or effect of law where it is
shown not to have been enacted by Congress, into Federal Law.
The Congressional Record, Vol. 94-Part 7, (June 15, 1948 to June 19,
1948) pp. 8229-9169, and Vol. 94-Part 8, (July 26, 1948 to December
31, 1948) pp. 9353, reveal that Congress was not assembled is
session on the date(s) that Title 3, 18, 21, and 28 are purported
to have been enacted into law by Congress.

///// - 1 Admin. & Quasi-Judicial Notice via Show Cause Order

2.

The United States District Court, wherein the cause herein complained of, arose, is shown to be an Executive Tribunal, without Article III judicial authority. This assertion is supported by consulting Supreme Court Rule 45, The Revised Statutes of 1878, The Judiciary Act of March 3, 1911, Executive Order 6166, Balzac v. Porto Rico, (1922). Mookine v. United States, (1938). Thus, not authorized to entertain the cause now before the court.

3.

Thus the Court, in similar matters (Common Law Writ of Habeas Corpus), appears to be resorting to inapplicable statutory provisions to remove the cause to a court which the court knows lacks the authority under Article III to entertain the matter. Thereby the sustainment of an unlawful conviction and term of imprisonment via subterfuge and non-compliance with the law (a Malum In Se Crime?) whereby the Accused/Petitioner is deprived a remedy in law to redress a grievance.

4.

It is the foregoing, and following reasons that the Petitioner has brought his instant cause under the common law, Writ of Habeas Corpus, and invoked the venue and jurisdiction of an Article III, Constitutional Court.

5.

It is therefore incumbent upon this Court, in the interest of justice, by and through this Judicial Notice, as a neutral party between both Petitioner and Respondents, upon its own motion

to issue an ORDER TO SHOW CAUSE to the respondents why a Writ Of Habeas Corpus should not issue, in their 'showing' based upon the facts and points raised in the Writ itself.

Date: _____, 2007

Respectfully Submitted by,

Jeffrey Lynn Dial/pro-se

///// - 3 Admin. & Quasi-Judicial Notice via Show Cause Order

# United States District Court

_____ MIDDLE _____ District of _____ TENNESSEE _____

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | |
| JEFFERY LYNN DIAL | Case Number:   1:05-00008-01 |
| | USM Number:   17417-075 |

ATTEST AND CERTIFY
A TRUE COPY

JAMES DANIEL FREEMAN
Defendant's Attorney

U. S. District Court
Middle District of Tennessee

By: _Kathleen Kasler_
Deputy Clerk

## THE DEFENDANT:

__X__   pleaded guilty to Count Six and Ten of the Superseding Indictment

_____   pleaded nolo contendere to count(s) _____
which was accepted by the court.

_____   was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute 50 Grams or More of Methamphetamine | | 6 |
| 18 U.S.C. § 924(c) | Possession of a Firearm in Furtherance of Drug Trafficking | | 10 |

     The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____   The defendant has been found not guilty on count(s) _____

__X__   Counts One, Two, Three, Four, Five, Seven, Eight and Nine of the Superseding Indictment are dismissed on the motion of the United States.

     It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in economic circumstances.

Date of imposition of judgment

_Robert L. Echols_
Signature of Judge

Robert L. Echols, U.S. District Judge
Name and Title of Judge

June 23, 2006
Date

EXHIBIT (a)

| | |
|---|---|
| DEFENDANT: | JEFFREY LYNN DIAL |
| CASE NUMBER: | 1:05-00008-01 |

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred fifty-seven (157) months, which shall consist of a term of ninety-seven (97) months on Count Six and a consecutive term of sixty (60) months on Count Ten.

___X___    The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends that Defendant be incarcerated at the facility closest to Wayne County, Tennessee, subject to his security classification and the availability of space at the institution.**

**The Court recommends that Defendant be allowed to participate in drug and alcohol treatment programs.**

___X___    The defendant is remanded to the custody of the United States Marshal.

_____    The defendant shall surrender to the United States Marshal for this district:

_____        at _____ _____ a.m. _____ p.m. on _____

_____        as notified by the United States Marshal.

_____    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

_____        before 2 p.m. on _____

_____        as notified by the United States Marshal.

_____        as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# PARALLEL TABLE OF AUTHORITIES AND RULES

The following table lists rulemaking authority (except 5 U.S.C. 301) for regulations codified in the *Code of Federal Regulations*. Also included are statutory citations which are noted as being interpreted or applied by those regulations.

The table is divided into four segments: United States Code citations, United States Statutes at Large citations, public law citations, and Presidential document citations. Within each segment the citations are arranged in numerical order:

For the United States Code, by title and section;

For the United States Statutes at Large, by volume and page number;

For public laws, by number; and

For Presidential documents (Proclamations, Executive orders, and Reorganization plans), by document number.

Entries in the table are taken directly from the rulemaking authority citation provided by Federal agencies in their regulations. Federal agencies are responsible for keeping these citations current and accurate. Because Federal agencies sometimes present these citations in an inconsistent manner, the table cannot be considered all-inclusive.

The portion of the table listing the United States Code citations is the most comprehensive, as these citations are entered into the table whenever they are given in the authority citations provided by the agencies. United States Statutes at Large and public law citations are carried in the table only when there are no corresponding United States Code citations given.

This table is revised as of January 1, 1998.

EXHIBIT B

CFR Index

16 U.S.C.—Continued | CFR
--- | ---
| 255, 256, 260
| 50 Parts 11, 12, 14, 17, 24
1561 et seq ..................... | 50 Part 227
1603 ..................... | 36 Part 200
1604 ..................... | 36 Part 219
1606 ..................... | 7 Part 701
1608—1610 ..................... | 23 Part 660
1612 ..................... | 36 Part 216
1612 note ..................... | 36 Part 215
1613 ..................... | 36 Part 219
1620 ..................... | 7 Part 1
1704 ..................... | 43 Part 26
1801 et seq ..................... | 50 Parts 258, 600, 603, 622, 630, 640, 644, 648, 649, 654, 660, 662, 674, 678, 879
1801—1882 ..................... | 15 Part 904
1851 note ..................... | 15 Part 904
| 50 Part 697
1853 ..................... | 15 Part 905
| 50 Part 605
1901 et seq ..................... | 36 Part 9
1901—1912 ..................... | 43 Part 3830
1907 ..................... | 43 Part 3830
2001—2645 ..................... | 18 Part 290
2001—2009 ..................... | 7 Part 601
2101 et seq ..................... | 36 Part 200
2101—2111 ..................... | 7 Part 701
2105 ..................... | 36 Part 230
2114 ..................... | 36 Part 230
2201—2205 ..................... | 7 Part 701
2203—2205 ..................... | 7 Part 601
2203 ..................... | 7 Part 624
2309 ..................... | 16 Part 455
2401 et seq ..................... | 45 Part 672
| 40 Part 8
2401—2412 ..................... | 15 Part 904
| 45 Part 670
2401 ..................... | 45 Part 670
2403 ..................... | 40 Part 8
2405 ..................... | 45 Part 671
2431 et seq ..................... | 50 Part 300
2431—2444 ..................... | 15 Part 904
2501—2514 ..................... | 36 Part 72
2901—2945 ..................... | 18 Parts 2—4, 32—35, 37, 41, 45, 46, 101, 116, 131, 141, 154, 281, 286, 290, 292, 375, 381, 382, 385
2901 ..................... | 50 Part 93
3101 et seq ..................... | 36 Parts 9, 13
| 43 Parts 36, 3000, 3110, 3120, 3150
| 50 Part 35
3101—3126 ..................... | 36 Part 242
| 50 Part 100
3124 ..................... | 43 Part 2090
3142 ..................... | 50 Part 37
3170 ..................... | 36 Part 251
3197 ..................... | 36 Part 13
3210 ..................... | 36 Part 251
3371 et seq ..................... | 50 Parts 10—12, 14
3371—3378 ..................... | 15 Part 904
| 50 Parts 10, 14, 300
3372 ..................... | 25 Part 244

16 U.S.C.—Continued | CFR
--- | ---
| 50 Part 13
3501 et seq ..................... | 33 Part 116
3601—3608 ..................... | 15 Part 904
3631 et seq ..................... | 50 Part 674
3631—3644 ..................... | 15 Part 904
3636 ..................... | 50 Part 300
3801 et seq ..................... | 7 Part 12, 601
3801 ..................... | 7 Part 610
3834 ..................... | 7 Part 1400
3837 et seq ..................... | 7 Part 1467
3837—3837f ..................... | 7 Part 623
3839aa—3839aa—8 ..................... | 7 Part 1466
3841—3844 ..................... | 7 Part 12
3843 ..................... | 7 Part 614
3844 ..................... | 7 Part 1940
3901 et seq ..................... | 50 Part 25
4101 et seq ..................... | 50 Part 253
4201—4245 ..................... | 50 Part 17
4223—4244 ..................... | 50 Part 14
4301—4309 ..................... | 36 Part 290
| 43 Part 37
4601—6a ..................... | 36 Part 201
4901—4916 ..................... | 50 Parts 13, 14
5101 et seq ..................... | 50 Part 697
5501 et seq ..................... | 50 Part 300

17 U.S.C.
101 ..................... | 19 Part 133
111 ..................... | 37 Parts 801, 803
115 ..................... | 37 Part 254
118 ..................... | 37 Part 253
119 ..................... | 37 Parts 257, 258
509 ..................... | 28 Part 9
601—603 ..................... | 19 Part 133
702 ..................... | 37 Parts 201—204, 211, 256, 310
801—803 ..................... | 37 Part 251
801 ..................... | 37 Parts 252—255, 304
802 ..................... | 37 Parts 258, 310
803 ..................... | 37 Parts 252, 253, 255
804 ..................... | 37 Part 306
906 ..................... | 37 Part 211
1007 ..................... | 37 Part 259

18 U.S.C.
13 ..................... | 32 Parts 210, 263, 1290
| 33 Part 332
42—44 ..................... | 50 Part 11
42 ..................... | 19 Part 12
| 50 Parts 10, 13, 14, 16
43—44 ..................... | 50 Part 12
47 ..................... | 43 Part 4700
109 ..................... | 21 Part 41
201—212 ..................... | 24 Part 0
201—209 ..................... | 12 Part 511
| 28 Part 2282
| 32 Part 1293
201 ..................... | 19 Part 161
201 note ..................... | 29 Part 360
202 ..................... | 14 Part 300
203 ..................... | 7 Part 1
| 31 Part 8
205 ..................... | 7 Part 1
| 14 Part 300
| 31 Part 8

AUTHORITIES

| 18 U.S.C.—Continued | CFR |
|---|---|
| | 11 Part 7 |
| | 12 Parts 409, 922, 2124, 2637 |
| | 14 Parts 399, 1207 |
| | 15 Part 0 |
| | 16 Part 1030 |
| | 17 Part 140 |
| | 19 Part 200 |
| | 22 Parts 18, 223, 525, 710 |
| | 28 Part 15 |
| | 29 Part 0 |
| | 31 Part 15 |
| | 36 Part 905 |
| | 39 Part 956 |
| | 41 Part 105-735 |
| | 45 Parts 73b, 500 |
| | 48 Parts 500, 552 |
| | 45 Part 98 |
| 208 | 5 Part 2640 |
| | 10 Part 1010 |
| | 12 Part 264a |
| | 15 Part 0 |
| | 16 Part 5 |
| | 18 Part 1301 |
| | 22 Part 606 |
| | 29 Parts 0 |
| | 34 Part 73 |
| | 45 Part 680 |
| | 48 Part 509 |
| 219 | 32 Part 516 |
| 223 | 28 Part 524 |
| 241 note | 24 Part 573 |
| 437 | 25 Part 140 |
| 474 | 31 Parts 402, 405 |
| 474A | 31 Part 601 |
| 452 | 31 Parts 101, 402, 403 |
| 512 | 28 Part 9 |
| 545 | 19 Parts 145, 161 |
| 546 | 19 Part 162 |
| 550 | 19 Part 191 |
| 641 | 12 Part 4 |
| | 48 Part 6200 |
| | 49 Part 801 |
| 701 | 32 Part 507 |
| | 50 Part 80 |
| 702 | 32 Part 507 |
| 707 | 7 Part 8 |
| 711 | 36 Part 271 |
| 751—752 | 28 Part 511 |
| 751 | 28 Part 570 |
| 793 | 32 Parts 322, 518 |
| 798 | 14 Parts 1203a, 1214 |
| 831—835 | 49 Parts 892, 896, 898 |
| 831—833 | 49 Part 397 |
| 834 | 49 Part 178 |
| 835 | 49 Part 397 |
| | 37 Parts 45, 176 |
| 921—928 | 27 Part 178 |
| 922 | 27 Part 72 |
| 923 | 27 Part 200 |
| 951 | 28 Part 73 |
| 981 | 28 Part 9 |
| | 39 Part 233 |
| 982 | 28 Part 9 |
| 1001 | 7 Part 1443 |
| | 32 Part 505 |

| 18 U.S.C.—Continued | CFR |
|---|---|
| 1001 ff | 36 Part 21 |
| 1017 | 36 Part 701 |
| 1114 | 28 Part 64 |
| 1115 | 22 Part 2 |
| 1159 | 25 Part 309 |
| 1261 | 27 Part 72 |
| 1382 | 32 Parts 627, 632, 770 |
| 1467 | 28 Part 9 |
| 1512 | 28 Part 551 |
| 1693—1699 | 39 Parts 310, 320 |
| 1752 | 31 Part 408 |
| 1791—1792 | 28 Part 511 |
| 1791 | 28 Parts 6, 540 |
| 1793 | 28 Part 511 |
| 1851—1861 | 43 Part 9260 |
| 1851—1858 | 43 Part 9230 |
| 1905—1906 | 12 Part 4 |
| 1905 | 19 Part 103 |
| | 20 Part 402 |
| | 21 Part 20 |
| | 45 Part 5 |
| 1955 | 28 Part 9 |
| 1956—1957 | 39 Part 233 |
| 1963 | 28 Part 9 |
| 2071 | 49 Part 801 |
| 2152 | 32 Part 761 |
| 2253 | 28 Part 9 |
| 2254 | 28 Part 9 |
| | 39 Part 233 |
| 2257 | 28 Part 75 |
| 2832d | 31 Parts 500, 515, 535, 550, 560, 575, 596 |
| 2341—2346 | 27 Part 296 |
| 2386 | 28 Part 10 |
| 2510 et seq | 15 Parts 730, 735, 742, 774 |
| 2513 | 28 Part 9 |
| 3001 note | 28 Part 42 |
| 3012 | 28 Part 545 |
| 3050 | 28 Part 511 |
| 3056 | 31 Parts 405, 413 |
| 3059 | 28 Part 7 |
| 3061 | 39 Parts 232, 233 |
| 3401—3402 | 39 Part 1990 |
| 3401 | 28 Part 52 |
| | 32 Part 516 |
| 3486 | 22 Part 92 |
| 3500 | 32 Part 518 |
| 3521—3528 | 28 Part 524 |
| 3551 et seq | 43 Part 8260 |
| 3551—3559 | 36 Part 242 |
| | 50 Part 100 |
| 3559 | 10 Part 960 |
| | 42 Part 72 |
| 3565 | 28 Parts 527, 571 |
| 3568—3569 | 28 Part 571 |
| 3566 | 28 Part 543 |
| 3569 | 28 Part 527 |
| 3571 | 16 Parts 803, 1046 |
| | 28 Part 545 |
| | 42 Part 72 |
| 3582 | 28 Part 571 |
| 3621—3622 | 28 Parts 500, 501, 505, 511—513, 522—524, 527, 540, 541—545, 547—552, 570, 571 |
| 3621 | 28 Part 553 |

## CFR Index

| 18 U S C—Continued | CFR |
|---|---|
| 3622 | 28 Part 553 |
| 3621 | 28 Part 553 |
| 3624 | 28 Parts 500, 501, 505, 511—513, 522—524, 527, 540, 541—545, 547—552, 570, 571 |
| 3662 | 28 Part 545 |
| 4001—4002 | 28 Part 26 |
| 4001 | 28 Parts 500, 501, 503—505, 511—513, 522—524, 527, 540—543, 545, 547—553, 570—572 |
| 4001 note | 28 Part 505 |
| 4008 | 28 Parts 503, 504 |
| 4005 | 28 Parts 549, 551 |
| 4012 | 28 Part 511 |
| 4042 | 28 Parts 66, 67, 70, 500, 501, 503—505, 511—513, 522—524, 527, 540—543, 545, 547—550, 552, 553, 570—572 |
| 4044 | 28 Part 504 |
| 4045 | 28 Part 549 |
| 4046 | 28 Part 504 |
| 4081—4082 | 28 Parts 500, 501, 503, 505, 511—513, 522—524, 527, 540—545, 547—550, 552, 553, 570—572 |
| 4081 | 28 Part 504 |
| 4100—4115 | 28 Part 527 |
| 4126 | 28 Parts 301, 302, 345, 545, 553 |
| 4161—4166 | 28 Parts 501, 522, 523, 527, 541, 544, 550, 570, 571 |
| 4162—4165 | 28 Part 551 |
| 4201—4218 | 28 Parts 527, 571 |
| 4203—4204 | 28 Part 2 |
| 4203 | 18 Part 102 |
| 4205 | 28 Part 16 |
| | 28 Part 572 |
| 4241—4247 | 28 Part 549 |
| 4251—4255 | 28 Part 550 |
| 4351—4353 | 28 Parts 56, 67, 69, 70 |
| 5002 | 28 Part 527 |
| 5006—5024 | 28 Parts 500, 501, 503, 505, 511—513, 522—524, 527, 542, 543, 545, 547—550, 553, 570, 571 |
| 5005—5014 | 28 Part 541 |
| 5006 | 28 Part 552 |
| 5015 | 28 Parts 543, 551, 572 |
| 5016—5024 | 28 Part 541 |
| 5017 | 28 Part 2 |
| 5024 | 28 Part 552 |
| 5031—5042 | 28 Part 571 |
| 5039 | 28 Parts 500, 501, 503, 505, 511—513, 522—524, 527, 540—543, 545, 547—550, 552, 553, 570, 572 |
| 5041 | 28 Part 2 |
| 5002 | 14 Part 13 |
| | 16 Parts 2—4 |
| 6004 | 16 Parts 2—4 |

**19 U.S.C.**

| 2 | 19 Part 101 |
| 54 | 19 Part 24 |
| 58a—58c | 19 Part 24 |
| 58b | 19 Parts 101, 122 |
| 58c | 19 Part 111 |

| 19 U S C—Continued | CFR |
|---|---|
| | 7, 10—12, 18, 19, 24, 54, 101—103, 111—115, 118, 122, 123, 125, 127, 128, 132—134, 141—146, 151, 152, 158, 159, 161, 162, 171—177, 181, 191, 192 |
| 81a—81u | 15 Part 400 |
| | 19 Parts 146, 147 |
| 81a—81b | 15 Part 400 |
| 81c | 19 Part 191 |
| | 27 Parts 19, 25, 250, 251, 252 |
| 81f | 15 Part 400 |
| 81j | 15 Part 400 |
| 81f—81s | 15 Part 400 |
| 197—198 | 19 Part 159 |
| 288 | 19 Part 4 |
| 289 | 19 Part 4 |
| 293—294 | 19 Part 4 |
| 482 | 19 Part 162 |
| 794 | 32 Part 1906 |
| 1202 | 7 Parts 6, 1530 |
| | 9 Part 151 |
| | 15 Parts 30, 301, 315 |
| | 19 Parts 7, 10, 12, 18, 19, 24, 54, 101, 102, 111, 114, 125, 128, 132, 134, 141, 145—146, 151, 152, 177, 181, 191 |
| | 27 Parts 251, 252 |
| | 50 Parts 10, 13, 15 |
| 1202 note | 7 Part 6 |
| | 14 Part 1214 |
| | 35 Part 303 |
| | 19 Part 351 |
| 1303 | 19 Parts 12, 207, 353 |
| 1303 note | 19 Part 351 |
| 1304 | 19 Part 134 |
| 1305 | 19 Parts 12, 145 |
| 1306 | 7 Part 330 |
| | 9 Parts 92—94, 98, 130 |
| 1307 | 19 Part 12 |
| 1309 | 19 Parts 10, 191 |
| | 27 Part 252 |
| 1311—1312 | 19 Parts 19, 125 |
| 1311 | 19 Part 151 |
| | 21 Part 1220 |
| | 27 Part 19, 252 |
| 1313 | 19 Parts 10, 191 |
| 1315 | 19 Parts 141, 145, 152 |
| 1317 | 19 Part 10 |
| 1321 | 19 Parts 10, 128, 145, 143 |
| 1322—1323 | 19 Part 18 |
| 1322 | 19 Parts 4, 123 |
| 1331 | 19 Part 201 |
| 1333 | 19 Parts 201, 210 |
| 1335 | 19 Parts 200—202, 204—206, 210, 213 |
| 1336 | 19 Part 207 |
| 1337 | 19 Parts 12, 210 |
| 1339 | 19 Part 213 |
| 1342 | 19 Part 210 |
| 1355 | 7 Part 1530 |
| 1401a | 19 Parts 10, 141, 152 |
| 1402 | 19 Parts 10, 141 |
| 1411—1414 | 19 Part 101 |
| 1431—1435 | 19 Part 4 |
| 1431 | 19 Parts 103, 123, 162 |

Reorganization Plans—Continued

CFR

1953 Plan No. 2 ............... 45 Parts 7, 16, 201
1958 Plan No. 1 ...................... 7 Part 3
.................... 32 Part 103
1961 Plan No. 3 ......... 46 Parts 345—347
.................... 14 Parts 213,
216, 247, 384, 385
1961 Plan No. 6 ............ 12 Parts 501, 933
1961 Plan No. 7 ..................... 46 Parts 202,
206, 207, 251, 276, 280, 283, 294, 308,
310, 331, 381, 385, 390, 391, 501, 505,
580
1965 Plan No. 1 ..................... 19 Part 101
1965 Plan No. 2 ..................... 15 Part 903
1966 Plan No. 2 ..................... 24 Parts 1, 2
.................... 49 Part 601
1968 Plan No. 3 .......... 40 Parts 180, 190
1970 Plan No. 2 ............ 41 Part 101—37
1970 Plan No. 3 ...................... 21 Part 193
.................... 40 Parts 2,
112, 121, 160, 177—179, 190, 194
1970 Plan No. 4 ..................... 15 Part 950
.................... 50 Parts 251, 254, 260
1973 Plan No. 1 ...................... 31 Part 9

Reorganization Plans—Continued

CFR

1977 Plan No. 2 ............... 46 Parts 345—347
.................... 22 Parts 504,
514—518
1978 Plan No. 1 ................ 23 Parts 1614,
1620, 1621, 1625—1627, 1660
1978 Plan No. 2 ..................... 5 Parts 177,
179, 1250—1255
1978 Plan No. 3 ..................... 44 Parts 1, 2,
5—15, 19, 59—68, 70—73, 75, 77, 78,
80—83, 150—152, 205, 222, 300—304,
306, 308, 312, 320, 321, 323, 324, 327—
331, 350, 351, 360, 361
.................... 46 Parts 4401—4403,
4405, 4406, 4408, 4409, 4412, 4414—
4417, 4418, 4424, 4426, 4429, 4432, 4433,
4435, 4436, 4452
1978 Plan No. 4 ..................... 29 Parts 2610,
2550, 2570
1979 Plan No. 1 ..................... 19 Parts 1500,
1502, 1504, 1530, 1534
1979 Plan No. 3 ............ 15 Parts 705, 2009
1980 Plan No. 1 ..................... 19 Part 1



Office of the Attorney General
Washington, D. C. 20530

March 26, 1997

RECEIVED

MAR 27 1997

OFFICE OF THE GOVERNOR

BY CERTIFIED MAIL

The Honorable Gary Locke
Governor of Washington
P.O. Box 40002
Olympia, WA 98504

Dear Governor Locke:

On behalf of the United States, I hereby accept concurrent legislative jurisdiction over the site of a federal Bureau of Prisons facility, near Seattle and Tacoma, Washington, to be used for prisoner detention, correction, and other purposes. As you may know, construction of the facility, presently known as FDC Seatac, is well under way. The facility is soon expected to begin operations.

The State of Washington has consented to the acquisition by the United States of land acquired for federal purposes, see Wash. Rev. Code Ann. § 37.04.010, and has ceded concurrent criminal and civil legislative jurisdiction over such land to the United States for all purposes for which the United States acquired the land, see Wash. Rev. Code Ann. § 37.04.020; see also Department of Labor and Industries v. Dirt & Aggregate, Inc., 120 Wash.2d 49, 52-53, 837 P.2d 1018, 1021 (Wash. 1992) (holding that the state may cede legislative jurisdiction to the United States, and that the scope of the federal jurisdiction is governed by the terms of the cession).

Federal law provides that a state's cession of legislative jurisdiction to the United States does not take effect until accepted by the head of the federal department that has custody over the land. 40 U.S.C. § 255. This letter constitutes the United States' acceptance of concurrent criminal and civil jurisdiction over the site of the facility. Copies of the

[EXHIBIT C]




The Honorable Gary Locke
Page 2

Declaration of Taking and general warranty deeds for the site are enclosed

Concurrent legislative jurisdiction will mutually benefit the State of Washington and the United States. Absent federal legislative jurisdiction, the state would have the entire burden of prosecuting offenses that might be committed at the facility, except those offenses that violate federal law even when committed outside areas of federal legislative jurisdiction. Concurrent jurisdiction enables the United States to investigate and prosecute certain offenses when appropriate, without displacing state authorities. Criminal offenses perpetrated by or against federal prisoners confined at the institution can be investigated by the Federal Bureau of Investigation and prosecuted by the United States Attorney. Thus, cession of concurrent jurisdiction may relieve the State of some of the burden of investigating and prosecuting criminal offenses that occur at the federal institution. In some situations, it might be more appropriate for the State to investigate and prosecute violations of state law, and one State could do so.

Please execute the acknowledgment of receipt of this letter on the enclosed copy, and return that copy to:

Michael E. Wall
United States Department of Justice
Environment & Natural Resources Division
Policy, Legislation and Special Litigation Section
950 Pennsylvania Avenue, NW, Room 2133
P.O. Box 4390
Washington, DC 20044-4390.

Should you need any further information, please have your staff contact Mr. Wall on (202) 514-1442, or Jeffrey J. Dimjoco, an attorney with the Federal Bureau of Prisons, on (202) 307-1240.

The Honorable Gary Locke
Page 3

I appreciate your assistance in this important area of federal-state cooperation.

Sincerely,

Janet Reno

Enclosures

Receipt of the above notice of acceptance of concurrent legislative jurisdiction over the site of the Federal Detention Center near Seattle and Tacoma, Washington (FDC Seatac) is hereby acknowledged this ____ day of _____, 1997.

Governor of Washington



**Office of the Attorney General**

Washington, D. C. 20530



MAY - 6 1997

OFFICE OF THE
GOVERNOR

May 1, 1997

BY CERTIFIED MAIL

The Honorable Frank Keating
Governor of Oklahoma
Oklahoma City, Oklahoma  73105

Dear Governor Keating:

On behalf of the United States, I hereby accept concurrent
legislative jurisdiction over the land that presently is the site
of the Federal Transfer Center (FTC) in Oklahoma City.

The State of Oklahoma recently enacted Senate Bill No. 283
to cede to the United States concurrent legislative jurisdiction
over the FTC site. That bill, styled "An Act Relating to the
United States; Ceding Concurrent Jurisdiction Over Certain Real
Property to the United States; Reserving Concurrent Jurisdiction
for Certain Purposes; Providing for the Termination of Such
Jurisdiction; Providing for Codification; and Declaring an
Emergency," was signed by you on April 9, 1997.  Section 2 of the
Bill provides, in relevant part:

> Notwithstanding any other provision of law, concurrent
> jurisdiction is hereby ceded to the United States over the
> tract of land comprised and any tracts of land hereafter
> comprised within the limits of the Oklahoma City Federal
> Transfer Center, a facility which is leased to the
> United States and located at Will Rogers World Airport in
> Oklahoma City, County of Oklahoma. . . .  The jurisdiction
> so ceded shall continue no longer than the United States
> shall lease or own such lands or portions thereof.

Federal law provides that a state's cession of legislative
jurisdiction to the United States does not take effect until
accepted by the head of the federal department that has custody
over the land.  40 U.S.C. § 255.  This letter constitutes the
United States' acceptance of concurrent criminal and civil
legislative jurisdiction over the tracts of land presently
comprised within the limits of the FTC.  Enclosed is a copy of
the property description for the land over which the
United States accepts concurrent jurisdiction.

The Honorable Frank Keating
Page 2


Please execute the acknowledgment of receipt of this letter on the enclosed copy, and return that copy to:

Michael E. Wall
United States Department of Justice
Environment & Natural Resources Division
General Legislation and Special Litigation Section
950 Pennsylvania Avenue, NW, Room 2133
P.O. Box 4390
Washington, DC 20044-4390

Should you need any further information, please have your staff contact Mr. Wall on (202) 514-1442, or Jane Crowell, an attorney with the Federal Bureau of Prisons, on (202) 307-3060.

I appreciate your assistance in this important area of Federal-State cooperation.

                              Sincerely,

                              Janet Reno

Enclosure


Each of the above notice of acceptance of concurrent legislative jurisdiction over the site of the Federal Transfer Center in Oklahoma City, Oklahoma, is hereby acknowledged this ___ day of _____, 1996.

                              Governor of Oklahoma

EXHIBIT (d)


Evidentiary Hearing
[not submitted]


[EXHIBIT d]



UNITED STATES          OF AMERICA

# Congressional Record

PROCEEDINGS AND DEBATES OF THE 80ᵗʰ CONGRESS

SECOND SESSION

## VOLUME 94—PART 8

JULY 26. 1948, TO DECEMBER 31, 1948

(PAGES 9353 TO 10316)

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948






# Congressional Record

United States
of America

PROCEEDINGS AND DEBATES OF THE 80ᵗʰ CONGRESS, SECOND SESSION

## SENATE

### Monday, July 26, 1948

The Senate reassembled this day in its Chamber at the Capitol, in the city of Washington, in pursuance of the proclamation of the President of the United States of the 15th day of July 1948.

ARTHUR H. VANDENBERG, President pro tempore, called the Senate to order at 12 o'clock noon.

Rev. Bernard Braskamp, D. D., pastor of the Clinton-Temple Memorial Presbyterian Church, Washington, D. C., offered the following prayer:

O Thou God of infallible wisdom, we have entered upon days which are fraught with perplexing problems and heavy responsibilities, but also with glorious opportunities and possibilities.

We pray that we may have the interpreting light and the clear and confident leading of Thy spirit in all our deliberations and decisions.

May the ideals and principles of our blessed Lord not only stir our emotions but our wills, and may every lofty God-inspired sentiment be translated into action and achievement.

Grant that it may be the goal of all our aspirations to glorify Thy great and holy name and to build Thy kingdom of peace and good will among men and nations.

Hear us for the sake of the Christ. Amen.

The PRESIDENT pro tempore. The proclamation of the President reconvening the Congress will be read by the clerk.

The Chief Clerk (Edward E. Mansur, Jr.) read the proclamation, as follows:

CONVENING THE CONGRESS BY THE PRESIDENT OF THE UNITED STATES OF AMERICA—A PROCLAMATION

Whereas the public interest requires that the Congress of the United States should be convened at 12 o'clock noon on Monday, the 26th day of July 1948, to receive such communication as may be made by the Executive;

Now, therefore, I, Harry S. Truman, President of the United States of America, do hereby proclaim and declare that an extraordinary occasion requires that the Congress of the United States to convene at the Capitol in the city of Washington on Monday, the 26th day of July 1948, at 12 o'clock noon, of which all persons who shall at that time be entitled to act as Members thereof are hereby required to take notice.

In witness whereof, I have hereunto set my hand and caused to be affixed the great seal of the United States.

Done at the city of Washington this 15th day of July, in the year of our Lord 1948, and of the Independence of the United States of America the one hundred and seventy-third.

HARRY S. TRUMAN.

By the President:
G. C. MARSHALL,
Secretary of State.

## CALL OF THE ROLL

Mr. WHERRY. I suggest the absence of a quorum.

The PRESIDENT pro tempore. The clerk will call the roll.

The Chief Clerk called the roll, and the following Senators answered to their names:

| | | |
|---|---|---|
| Aiken | Eickenlooper | O'Daniel |
| Baldwin | Hill | O'Mahoney |
| Barkley | Hoey | Pepper |
| Brewster | Holland | Reed |
| Brooks | Jenner | Revercomb |
| Butler | Johnson, Colo. | Robertson, Va. |
| Byrd | Johnson, S. C. | Robertson, Wyo. |
| Cain | Kem | Russell |
| Capper | Kilgore | Saltonstall |
| Connally | Knowland | Smith |
| Cooper | Langer | Sparkman |
| Cordon | Lodge | Stennis |
| Donnell | Lucas | Stewart |
| Downey | McCarthy | Taft |
| Eastland | McClellan | Taylor |
| Ecton | McFarland | Thomas, Okla. |
| Ellender | McGrath | Thomas, Utah |
| Fenzel | McMahon | Thye |
| Ferguson | Magnuson | Tobey |
| George | Martin | Umstead |
| Green | Maybank | Vandenberg |
| Gurney | Millikin | Watkins |
| Hatch | Moore | Wherry |
| Hawkes | Murray | Wiley |
| Hayden | Myers | Williams |
| | O'Conor | Young |

Mr. WHERRY. I announce that the Senator from Minnesota (Mr. BALL), the Senator from Ohio (Mr. BRICKER), the Senator from Delaware (Mr. BUCK), the Senator from South Dakota (Mr. BUSHFIELD), the Senator from Vermont (Mr. FLANDERS), the Senator from Oregon (Mr. MORSE), and the Senator from Iowa (Mr. WILSON) are necessarily absent.

The Senator from New Hampshire (Mr. BRIDGES) is detained on official business.

The Senator from Idaho (Mr. DWORSHAK) is absent on official state business.

The Senator from New York (Mr. IVES) is absent because of illness in his family.

The Senator from Nevada (Mr. MALONE) is absent on official committee business of the Committee on Public Works.

Mr. LUCAS. I announce that the Senator from New Mexico (Mr. CHAVEZ) is unavoidably detained.

The Senator from Arkansas (Mr. FULBRIGHT), the Senator from Nevada (Mr. McCARRAN), the Senator from Tennessee (Mr. McKELLAR), the Senator from Maryland (Mr. TYDINGS), and the Sen-

tor from New York (Mr. WAGNER) are necessarily absent.

The PRESIDENT pro tempore. Seventy-eight Senators having answered to their names, a quorum is present.

## THE JOURNAL

Mr. WHERRY. Mr. President, I ask unanimous consent that, without reading, the Journal of the proceedings of the Senate for the calendar days Friday, June 18, Saturday, June 19, and Sunday, June 20, 1948, be approved.

The PRESIDENT pro tempore. Without objection, the order is made.

## ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED AFTER ADJOURNMENT

Subsequent to the adjournment of the Senate on June 20, 1948, the President pro tempore, under the authority of House Concurrent Resolution 219, signed the following enrolled bills and joint resolutions, which had previously been signed by the Speaker of the House of Representatives:

S. 165. An act for the relief of Doris E. Snyder;

S. 418. An act to provide for water-pollution-control activities in the Public Health Service of the Federal Security Agency and in the Federal Works Agency, and for other purposes;

S. 595. An act to provide that the rates of compensation for disabilities incurred in active military or naval service other than in a period of war service shall be equal to 80 percent of the rates payable for similar disabilities incurred during active service in time of war;

S. 1243. An act to provide for the payment of revenue from certain lands into the tribal funds of the Confederated Tribes of the Warm Springs Reservation of Oregon, and for other purposes;

S. 1260. An act to create a commission to hear and determine the claims of certain motor carriers;

S. 1322. An act to provide a Federal charter for the Commodity Credit Corporation;

S. 1683. An act to confer jurisdiction on the State of New York with respect to offenses committed on Indian reservations within such state;

S. 1715. An act for the relief of Archie Hamilton and Delbert Hamilton;

S. 1717. An act for the relief of the estate of William R. Stigall, deceased;

S. 1868. An act to amend the Philippine Rehabilitation Act of 1946 in connection with the training of Filipinos as provided for in title III;

S. 2217. An act conferring jurisdiction upon the Court of Claims of the United States to hear, determine and render judgment upon the joint claims of Silas Mason Co., Inc.; Walsh Construction Co.; and Atkinson-Kier Co.;

S. 2242. An act to authorize for a limited period of time the admission to the United States of certain European displaced persons for permanent residence, and for other purposes;

[CHAPTER 646]

AN ACT

To revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary".

June 25, 1948
[H. R. 3214]
[Public Law 773]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That title 28 of the United States Code, entitled "Judicial Code and Judiciary" is hereby revised, codified, and enacted into law, and may be cited as "Title 28, United States Code, section ——", as follows:

Title 28, U. S. Code,
Codification and
enactment into law.

# TITLE 28, JUDICIARY AND JUDICIAL PROCEDURE

| Part | | Sec. | |
|------|--|------|--|
| I. | Organization of courts | 1 | *Infra.* |
| II. | United States attorneys and marshals | 501 | *Post,* p. 909. |
| III. | Court officers and employees | 601 | *Post,* p. 913. |
| IV. | Jurisdiction and venue | 1251 | *Post,* p. 927. |
| V. | Procedure | 1651 | *Post,* p. 943. |
| VI. | Particular proceedings | 2201 | *Post,* p. 964. |

## PART I.—ORGANIZATION OF COURTS

| Chapter | | Sec. |
|---------|--|------|
| 1. | Supreme Court | 1 |
| 3. | Courts of appeals | 41 |
| 5. | District courts | 81 |
| 7. | Court of Claims | 171 |
| 9. | Court of Customs and Patent Appeals | 211 |
| 11. | Customs Court | 251 |
| 13. | Assignment of judges to other courts | 291 |
| 15. | Conferences and councils of judges | 331 |
| 17. | Resignation and retirement of judges | 371 |
| 19. | Distribution of reports and digests | 411 |
| 21. | General provisions applicable to courts and judges | 451 |

## CHAPTER 1—SUPREME COURT

Sec.
1.  Number of justices; quorum.
2.  Terms of court.
3.  Vacancy in office of Chief Justice; disability.
4.  Precedence of associate justices.
5.  Salaries of justices.
6.  Records of former court of appeals.

### § 1. Number of justices; quorum

The Supreme Court of the United States shall consist of a Chief Justice of the United States and eight associate justices, any six of whom shall constitute a quorum.

### § 2. Terms of court

The Supreme Court shall hold at the seat of government a term of court commencing on the first Monday in October of each year and may hold such adjourned or special terms as may be necessary.

### § 3. Vacancy in office of Chief Justice; disability

Whenever the Chief Justice is unable to perform the duties of his office or the office is vacant, his powers and duties shall devolve upon the associate justice next in precedence who is able to act, until such disability is removed or another Chief Justice is appointed and duly qualified.

### § 4. Precedence of associate justices

Associate justices shall have precedence according to the seniority of their commissions. Justices whose commissions bear the same date shall have precedence according to seniority in age.

[CHAPTER 645]

AN ACT

To revise, codify, and enact into positive law Title 18 of the United States Code, entitled "Crimes and Criminal Procedure".

June 25, 1948
[H. R. 3190]

[Public Law 772]

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That Title 18 of the United States Code, entitled "Crimes and Criminal Procedure", is hereby revised, codified, and enacted into positive law, and may be cited as "Title 18, U. S. C., § ——", as follows:

Title 18, U. S. Code.
Codification and enactment into positive law.

## TITLE 18—CRIMES AND CRIMINAL PROCEDURE

| Part | | Sec. | |
|------|--|------|--|
| I. | Crimes | 1 | Infra. |
| II. | Criminal Procedure | 3001 | Post, p. 813. |
| III. | Prisons and Prisoners | 4001 | Post, p. 847. |
| IV. | Correction of Youthful Offenders | 5001 | Post, p. 858. |

### Part I—Crimes

| Chapter | | Sec. |
|---------|--|------|
| 1. | General provisions | 1 |
| 3. | Animals, birds and fish | 41 |
| 5. | Arson | 81 |
| 7. | Assault | 111 |
| 9. | Bankruptcy | 151 |
| 11. | Bribery and graft | 201 |
| 13. | Civil rights | 241 |
| 15. | Claims and services in matters affecting government | 281 |
| 17. | Coins and currency | 331 |
| 19. | Conspiracy | 371 |
| 21. | Contempts constituting crimes | 401 |
| 23. | Contracts | 431 |
| 25. | Counterfeiting and forgery | 471 |
| 27. | Customs | 541 |
| 29. | Elections and political activities | 591 |
| 31. | Embezzlement and theft | 641 |
| 33. | Emblems, insignia, and names | 701 |
| 35. | Escape and rescue | 751 |
| 37. | Espionage and censorship | 791 |
| 39. | Explosives and combustibles | 831 |
| 41. | Extortion and threats | 871 |
| 43. | False personation | 911 |
| 45. | Foreign relations | 951 |
| 47. | Fraud and false statements | 1001 |
| 49. | Fugitives from justice | 1071 |
| 51. | Homicide | 1111 |
| 53. | Indians | 1151 |
| 55. | Kidnaping | 1201 |
| 57. | Labor | 1231 |
| 59. | Liquor traffic | 1261 |
| 61. | Lotteries | 1301 |
| 63. | Mail fraud | 1341 |
| 65. | Malicious mischief | 1361 |
| 67. | Military and Navy | 1381 |
| 69. | Nationality and citizenship | 1421 |
| 71. | Obscenity | 1461 |
| 73. | Obstruction of justice | 1501 |
| 75. | Passports and visas | 1541 |
| 77. | Peonage and slavery | 1581 |
| 79. | Perjury | 1621 |
| 81. | Piracy and privateering | 1651 |
| 83. | Postal service | 1691 |
| 85. | Prison-made goods | 1761 |
| 87. | Prisons | 1791 |
| 89. | Professions and occupations | 1821 |
| 91. | Public lands | 1851 |
| 93. | Public officers and employees | 1901 |
| 95. | Racketeering | 1951 |

672                    PUBLIC LAWS—CH. 644—JUNE 25, 1948            [62 STAT.

June 25, 1948
[H. R. 5412]
[Public Law 771]

[CHAPTER 644]

AN ACT

To codify and enact into law Title 3 of the United States Code, entitled "The President".

Title 3, U. S. Code.
Codification and enactment into positive law.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That Title 3 of the United States Code, entitled "The President", is codified and enacted into positive law and may be cited as "3 U. S. C., § ——", as follows:

## TITLE 3—THE PRESIDENT

Chap.                                                                    Sec.
1. PRESIDENTIAL ELECTIONS AND VACANCIES_____   1
2. OFFICE AND COMPENSATION OF PRESIDENT_____   101
3. PROTECTION OF THE PRESIDENT; THE WHITE HOUSE POLICE_____   201

CHAPTER 1—PRESIDENTIAL ELECTIONS AND VACANCIES

Sec.
1. Time of appointing electors.
2. Failure to make choice on prescribed day.
3. Number of electors.
4. Vacancies in electoral college.
5. Determination of controversy as to appointment of electors.
6. Credentials of electors; transmission to Secretary of State and to Congress; public inspection.
7. Meeting and vote of electors.
8. Manner of voting.
9. Certificates of votes for President and Vice President.
10. Sealing and endorsing certificates.
11. Disposition of certificates.
12. Failure of certificates of electors to reach President of Senate or Secretary of State; demand on State for certificate.
13. Same; demand on district judge for certificate.
14. Forfeiture for messenger's neglect of duty.
15. Counting electoral votes in Congress.
16. Same; seats for officers and Members of two Houses in joint meeting.
17. Same; limit of debate in each House.
18. Same; parliamentary procedure at joint meeting.
19. Vacancy in offices of both President and Vice President; officers eligible to act.
20. Resignation or refusal of office.

## CHAPTER 1—PRESIDENTIAL ELECTIONS AND VACANCIES

### TIME OF APPOINTING ELECTORS

§ 1. The electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President.

### FAILURE TO MAKE CHOICE ON PRESCRIBED DAY

§ 2. Whenever any State has held an election for the purpose of choosing electors, and has failed to make a choice on the day prescribed by law, the electors may be appointed on a subsequent day in such a manner as the legislature of such State may direct.

### NUMBER OF ELECTORS

§ 3. The number of electors shall be equal to the number of Senators and Representatives to which the several States are by law entitled at the time when the President and Vice President to be chosen come into office; except, that where no apportionment of Representatives has been made after any enumeration, at the time of choosing electors,

CERTIFICATE OF SERVICE

I, Jeffrey Lynn Dial, **HEREBY CERTIFY,** that I (the petitioner) avers in the nature of 28 U.S.C. §1746(1), that one true copy of Petition for Common Law Writ of Habeas Corpus, Application for Common Law Writ of Habeas Corpus, Memorandum of Law with Incorporated Points and Authorities, Judicial Notice Rule 201(d), Administrative and Quasi-Judicial Notice via Show Cause Order, and Exhibits, has been deposited into U.S. Mail with sufficient First Class Postage affixed and properly addressed to:

> Solicitor General of the United States
> U.S. Department of Justice
> Constitution Ave. & 10th St. NW
> Washington, DC 20530-0001
> C/O Paul D. Clement, act.

Note: in the nature of 28 U.S.C. §1254(2), and Supreme Court Rule 29.4(a), and (b), and 28 U.S.C. §2403 (62 Stat. 971, June 25, 1948) the petitioner serves a conformed copy of the foregoing and attached documents (Exhibits) upon the Solicitor General of the United States as required when a question of law concerning the Constitutionality, or legitimate application of an unenacted Congressional Act is called into question.

Date:_____,2007                    Submitted by,

                                         _____
                                         Jeffrey Lynn Dial